DR. MARYLAND BURNS BYRNE, (Petitioner) v. T. E. CATO, as Director of the Dade County Health Unit, (Respondent).

28 So. (2nd) 687
January 7, 1947
Rehearing denied February 6, 1947

June Term, 1946
Special Division B

*E. F. P. Brigham,* for appellant.

*Hudson & Cason,* for appellee.

PER CURIAM:

This is an appeal from a final judgment in favor of the respondent in a mandamus proceeding.

The issues and questions involved in the appeal may best be stated by quoting the opinion and judgment from which appeal is taken, which is as follows:

"On petition of Dr. Maryland Burns Byrne, filed May 26th 1945, an alternative writ of mandamus was issued against T. A. CATO as Director of the Dade County Health Unit. The object of the writ was to require the respondent to reinstate the petitioner to the position of Director of Maternal and Child Health of the Dad County Public Health Unit, from which she had been dismissed.

"It was alleged that the position in question had been created on October 1, 1943; that Petitioner had been duly appointed to the position; that the position was still in existence, and was a position recognized under the rules known as the Merit System Rules promulgated by the State Board of Health (under Sec. 381.15 and 381.16 F.S.A.); certain of the Merit System Rules were alleged and quoted; that on March 2, 1945, the Respondent discharged or attempted to discharge Petitioner by a letter giving her 15 days notice and assigning as reasons 'inefficiency and disloyalty to the Department' and relieving her of duties on that date.

"The petition and alternative writ attacked the dismissal on the ground or contention that the Petitioner could not be removed from the position without assignment of sufficient specific reasons; that the reasons given were not specific; and that Petitioner was given no opportunity to be heard; and the due process clauses of the State and Federal Constitution were invoked by the Petitioner.

"Respondent filed an answer incorporating a demurrer. The demurrer was not heard until final hearing, and the demurrer is overruled.

"The Respondent's answer averred that the Petitioner held a provisional appointment as Director of Maternal and Child Health of the Dade County Health Unit from April 15th, 1943, until October 1, 1943, at which time the status of the Petitioner was changed to that of an emergency employee or appointee, which then continued until March 2, 1945. It was averred that the appointment was made by the Director of the Dade County Health Unit with the approval of the State

Board of Health. The answer admitted that the position was created and admitted its continued existence, and admitted the applicability of the Merit System Rules.

"It was averred in the answer that the Petitioner's appointment was terminated on March 2, 1945, by the Director of the Dade County Health Unit (Dr. Cato) with the approval of the State Board of Health. The answer denied that the dismissal of the Petitioner was governed by the provision of the Rules requiring assignment of specific reasons and averred that the dismissal was controlled by the paragraph in the Rules relating to Emergency appointments and claimed that under the latter no reasons are required to be specific nor hearing given, and that the dismissal was in compliance with the Merit system Rules governing emergency appointees. The answer admitted that the Petitioner was dismissed for alleged 'disloyalty and inefficiency' but, reaffirmed the contention that no finding was required under the merit system rules as to the emergency appointee.

"The Petitioner filed a replication denying that the Petitioner's employment was terminated with the approval of the State Board of Health, denying that the letter of discharge had the effect of terminating the appointment, or that the dismissal was in compliance with the Merit System Rules governing emergency appointees. The replication went on to allege that the State Board of Health did not approve of the action; that Dr. George Dame as Director of the Bureau of the Local Health Service of the State Board of Health had no authority to approve the same for the Board; and charged that the State Board could not lawfully delegate its discretion as to approval in the case of employments and dismissals, and that it had not so delegated such duties.

"The cause came on for trial before me on those pleadings, and evidence was submitted by the parties.

"It was shown that the Petitioner, Dr. Maryland Burns Byrne, entered into the position in question by appointment of the Respondent T. E. Cato as Director of Dade County Health Unit, and with the approval of Dr. George Dame, Director of the Bureau of Local Health Service of the State Board of Health; that the Petitioner continued in the position

until March 2, 1945; that she received the letter from Dr. Cato on that date relieving her from duty, which letter assigned as reasons 'inefficiency and disloyalty to the Department'; and that the termination of the employment or appointment of the Petitioner had been made by Dr. Cato and approved by Dr. Dame.

"It was stipulated at the trial that the Merit System Rules were controlling, and that the Petitioner was an emergency appointee under those Rules.

"The Merit System Rules deal with different classes of employees, including permanent, provisional, emergency and temporary appointees.

"Article VII of the Merit System Rules relates to appointments. Paragraph 2 of Sec. 1 provides 'Appointments of all persons of local health units will be made by the unit director with the approval of the State Board of Health.'

"Sec. 3, relating to provisional appointments, provides that when urgent reasons exist for filling a position for which there are no eligibles on the Register 'the Personnel Supervisor, with the approval of the State Board of Health, or the Florida Crippled Children's Commission' may submit a name to the Merit System Supervisor, and such person if shown to meet the qualifications may be provisionally appointed, and the period limited for such appointments is fixed at six months. That provision is referred to for comparison with the provision for emergency appointments.

"Emergency appointments are provided for by Section 4, paragraph 1 (of Article VII), as follows:

" 'SECTION 4—EMERGENCY APPOINTMENTS. Whenever an emergency exists which requires immediate service of one or more persons and it is not possible to secure such persons from appropriate registers, the appointing authority may appoint a person or persons without regard to other provisions of the rule governing other appointments. In no case, however, shall the same person be appointed for more than 30 working days during any 12 month period except in extreme emergencies such as floods, disasters, epidemics, etc., when the emergency appointments may be continued at the discretion of the appointing authorities.'

"Reference to certain other provisions of the Rules, is made necessary because the letter terminating the Petitioner's appointment purported to assign certain reasons, and because of Petitioner's contention that it was necessary to assign specific reasons and to accord a hearing to the Petitioner. Under Article XI entitled 'Separations, Tenure and Re-instatement', Paragraph 1 of Section 2 deals with dismissals as follows:

" 'SECTION 2 DISMISSALS

"Paragraph 1.

" 'The State Board of Health or County Health Units or the Crippled Children's Commission, fifteen days after notice in writing to an employee stating specific reason therefor, may dismiss any employee who is negligent in his duties or inefficient in his duties or unfit to perform his duties, or who is found to be guilty of disloyalty or of gross misconduct. Dismissal of an employee who is convicted of any crime involving moral turpitude is final and such employees have no recourse to appeal to the Council.'

"Following that, Article XII, entitled 'Appeals' contains the provision for hearings. Paragraph 1 of Sec. 4 of Article XII makes provision for a hearing on Notice in the case of a permanent employee who is dismissed, suspended, demoted or not satisfied with his service rating. No provision is made for a hearing in the case of an emergency appointee.

"On an examination of the Rules as a whole, as well as the wording of the above quoted rule relating to emergency appointments, it is this Court's interpretation of the emergency appointment rule that emergency appointments thereunder may be terminated without cause, and, therefore, without assigning reasons. That means that the above quoted Paragraph of Article XI relating to assignment of specific reasons in cases of dismissal, which is also quoted above is not applicable in the case of emergency appointees.

"As already stated, the provision for the granting of a hearing following a dismissal applies in the case of permanent employees, under the Rules, and is not extended to emergency appointees. Therefore, the inclusion of reasons or grounds in the letter to the Petitioner terminating her employment

on March 2, 1945, was unnecessary. If those unnecessary statements in the letter are deemed by the Petitioner to be offensive or injurious to her, her recourse, if any, does not lie in a demand for a hearing under the rules, not in a demand for reinstatement.

"Referring again to the Rule on emergency appointments, it will be seen that such appointments could be made under that rule for a few days time or for a day, or for that matter for a part of a day. It does not appear logical or practical that such appointments need the separate approval of the State Board of Health. In fact the Rule states clearly the contrary, where it says that the appointing authority may make such an appointment 'Without regard to other provisions of the rule governing other appointments.' The provision of the rule governing other appointments was to the effect that the appointments would be made by the unit director with the approval of the State Board of Health. It is also significant that the emergency appointment rule provides that no one should be appointed 'for more than 30 working days during any 12 month period.' An exception is made to that, in the case of extreme emergencies, named as 'floods, disasters, epidemics, etc.', as to which it is said the emergency appointments may be continued at the discretion of the appointing authorities. There was no evidence as to the emergency under which this emergency appointment was continued for a year and a half, but as a period of National Emergency was in effect during that time and there was no evidence to the contrary it is assumed that the emergency appointment was properly continued.

Upon construing the rule for emergency appointments to dispense with the State Board's approval required in other appointments and dismissals, it becomes unnecessary to evaluate the arguments of counsel on whether approval of the dismissal by Dr. Dame, the State Board's Director of Local Health Service, amounted to approval by the State Board of Health.

The termination of the employment of the Petitioner after serving as an emergency appointee for about a year and a half in the manner in which it was done, tends to give an impres-

sion of unfairness, and of hardship to the Petitioner. It is found, however, that this situation resulted from the fact that the Petitioner was an Emergency Appointee, and permitted herself to remain in that status throughout such employment, where a different classification was needed before she could receive the benefit of those other provisions of the Merit System Rules on which she rested her contentions.

"WHEREUPON, it is the judgment of this Court that the peremptory writ of mandamus shall not issue herein."

The above clearly states the matters under consideration and the disposition thereof.

Fulsome briefs and argument before us have failed to convince us that any reversible error has been made to appear.

Therefore, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., BUFORD and THOMAS, JJ., and HARRISON, Circuit Judge, concur.