274 So.2d 584 (1973)
METROPOLITAN DADE COUNTY, and Ashton Tyler, Appellants,
v.
Madeline WOLF, Appellee.
No. 72-783.
District Court of Appeal of Florida, Third District.
February 27, 1973.
Rehearing Denied April 4, 1973.
Stuart Simon, County Atty., and Alan T. Dimond, Asst. County Atty., for appellants.
Robert M. Brake, Coral Gables, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CHARLES CARROLL, Judge.
This appeal is by the defendants below, from an adverse judgment directing Dade County to employ the appellee for the position of communications operator in the fire alarm division of the fire department *585 of the county, and awarding her back pay from the time of her dismissal. We find error and reverse.
The status of the appellee, at the time she was dismissed, was that of a probationary employee. Under the Code of Metropolitan Dade County, § 2-42, and the Personnel Rules of the county, an employee in a probationary status may be dismissed without the need for there to be good cause, and without the right to a hearing. Cf. Byrne v. Cato, 158 Fla. 391, 28 So.2d 687.
Here the reason assigned for the dismissal of the appellee, although the giving of a reason was not necessary for validity of dismissal of one in her employment status, was that she was some 53 pounds overweight, according to the weight regulation of the county which was applicable. As a result thereof she was unable to pass satisfactorily a physical examination upon which qualification for employment was dependent.
The trial court was of the view that fixing of such a weight regulation, as a condition of employment, was a discrimination against a person in violation of 42 U.S.C. § 1983. We cannot agree. The regulation relating to weight or overweight, like other health requirements, may properly be made a condition of employment, since there is reasonable basis to conclude that one who is obese or overweight, as for other health conditions, is thereby more likely to become disabled during employment, to the detriment of the county financially and otherwise. As such, the regulation can be said to be grounded on business necessity. See Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158, 164; Rowe v. General Motors Corporation, 5 Cir.1972, 457 F.2d 348, 354. For example, in Sardinas v. Metropolitan Dade County, decided by the United States District Court for the Southern District of Florida, Miami Division (No. 71-904, unreported) the Court stated, as one of the conclusions of law therein, "The defendant may adopt and continue to adopt weight requirements since they are job related. Such business related requirements are not prohibited by 42 U.S.C. Section 1983. Griggs v. Duke Power Co., 401 U.S. 424, 28 L.Ed.2d 158, 91 S.Ct. 849."
The trial court based the judgment on the additional ground that the county's weight regulation was not job related, in that "her overweight does not have deleterious effect upon her health or her ability to perform the job in question." The appellee contends that ground is meritorious and is sufficient support for the judgment. The appellant argues, and we agree, that if such a regulation is proper because based on business necessity it is not necessary that the physical condition inhibited by the regulation be one which presently would impair the performance of the employee in the job sought or involved. Thus, in this connection the Supreme Court of the United States in Griggs said: "The touchstone is business necessity."
In this case there is no claim or indication that this regulation, which is applicable to all alike, had a discriminatory or other invidious purpose.
For the reasons assigned the judgment is reversed and the cause is remanded to the circuit court with direction to enter an order dismissing the complaint.
Reversed and remanded with direction.