GLENS FALLS GROUP INSURANCE CORPORATION
v. DAVID HOIUM AND OTHERS.

200 N. W. 2d 189.

August 4, 1972—No. 43319.

*Robb, Van Eps & Gilmore, Duane E. Arndt,* and *Don James Chantry,* for appellant.

*Oppenheimer, Brown, Wolff, Leach & Foster* and *Thomas P. Kane,* for respondent Hoium.

*Mordaunt, Walstad, Cousineau & McGuire* and *Harold J. W. Sweet,* for respondents Bradford's and Hartford Accident and Indemnity Company.

*Carroll, Cronan, Roth & Austin* and *George S. Roth,* for respondent Sheehan.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

OTIS, JUSTICE.

This is an action brought by a liability insurer, Glens Falls Group Insurance Corporation, seeking to construe its policy to exclude coverage for injuries inflicted by its insured, James Sheehan, on David Hoium in a barroom altercation on June 10, 1969. The trial court found that Glens Falls was obliged to defend Sheehan but declined to pass on whether Glens Falls was obligated to indemnify Sheehan in the event of Hoium's recovery. Glens Falls appeals.

The policy excludes coverage for torts intentionally inflicted. The issue raised on appeal is whether, as a result of Sheehan's plea of guilty to aggravated assault, he is collaterally estopped from denying he committed an intentional tort against Hoium. We hold that he is not estopped and therefore affirm.

As a result of the injury to Hoium, Sheehan was prosecuted and pled guilty to violation of Minn. St. 609.225, subd. 1, which provides as follows:

"Whoever assaults another and inflicts great bodily harm may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both."

After a presentence investigation, the court stayed imposition of sentence, without supervision, for a period of 1 year, pursuant to § 609.135.

It is the position of Glens Falls that our decision in The Travelers Ins. Co. v. Thompson, 281 Minn. 547, 163 N. W. 2d 289

(1968), compels a holding that Sheehan is collaterally estopped from attacking the finality of his conviction and that his tort against Hoium was intentional and thus not covered. In the Thompson case, the defendant had vigorously contested his prosecution for murder and had been found guilty. We subsequently held that the verdict conclusively foreclosed his relitigating the question of whether he killed his wife, when he sought to recover insurance on her life. In that decision, we recognized a conflict in authorities but chose to follow those which held there was collateral estoppel where an insured was found guilty of murder or arson and sought to benefit from his own crime. We said there (281 Minn. 558, 163 N. W. 2d 296):

"* * * An examination of the record satisfies us that he [Thompson] had every opportunity and incentive to litigate the issue of his guilt."

The considerations which govern a plea of guilty as distinguished from a vigorously contested prosecution, where the charge is not as heinous as murder or arson, may be quite different. The trial court held that Glens Falls had failed to satisfy its burden of proving Sheehan committed an intentional tort. There was ample evidence to support that conclusion. The record underscores the difficulty of reconciling a policy of encouraging plea agreements in criminal matters with a policy of refusing to accept the plea unless the court is satisfied there is a factual basis for it.[1] It is the contention of Sheehan that the court, in its effort to comply with the applicable A. B. A. standards relating to pleas of guilty, in effect coaxed an admission of intent out of the defendant. The following colloquy occurred between the court and defendant at the time of accepting the plea:

---

[1] A. B. A. Standards for Criminal Justice, Pleas of Guilty, § 1.6 (Approved Draft, 1968), provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

"Q. [by Mr. Posten, assistant county attorney]   Mr. Sheehan, calling your attention to June the 10th, 1969, did you on that date assault one David L. Holium [sic]?

"A.   Only after he spit on me.

\* \* \* \* \*

"THE DEFENDANT:   Well, Your Honor, as I see it, I'm guilty of one thing, and that's punching him, and that's all.

"THE COURT:   Yes. But I would like to discuss with you, Mr. Sheehan, just so, in the spirit of what I have just been telling you, that we don't want anybody to plead guilty to any offense unless he is in fact guilty. Now, as I do understand the circumstances, you admit that you did strike this man and you claim that he had provoked you in the sense of spitting upon you?

"THE DEFENDANT:   And verbally, Your Honor.

\* \* \* \* \*

"THE COURT:   \* \* \* But the question still remains whether the whole incident amounts to a fact that you intentionally inflicted great bodily harm upon him, because that's what the essence of this offense is.

"THE DEFENDANT:   Yes, sir.

"THE COURT:   Now, do you feel that you did that?

"THE DEFENDANT:   Your Honor, I don't think this is fair in any respect.

"MR. ROTH:   You will have to answer the question, James.

"THE DEFENDANT:   Evidently I did, yes, sir."

Before imposing sentence, the court elicited the following statements from Sheehan:

"Q.   Is there any doubt now that you are in fact guilty of this matter?

"A.   I am guilty of striking a man, yes.

"Q.   Well, I have to ask you if you are—have any doubt that you are guilty of the offense of aggravated assault.

"A.   No, sir.

"Q.   There's no doubt about it? Do I understand your answer, 'No, sir,' means that there is no doubt about it?

"A.  I am guilty as charged, sir.

"Q.  Fine. Very well. Is there anything you'd like to say, Mr. Sheehan, before disposition is made in this matter?

"A.  No, sir."

We have dealt with the effect of pleas of guilty in a number of decisions prior to the Thompson case. They govern our disposition here. Klein v. Pasch, 153 Minn. 291, 190 N. W. 338 (1922), disposed of a civil action for assault where defendant had previously pled guilty in justice court. We held that the plea which resulted from the prosecution was admissible as an admission that the defendant was the aggressor. Subsequently, in applying the rule we adopted in the Klein case, we held that a plea of guilty to a traffic violation was not conclusive and that "defendant had the right to show, if he could, that he had not violated the law and to explain the inducements which led him to enter the plea." Jankowski v. Clausen, 167 Minn. 437, 440, 209 N. W. 317, 318 (1926).[2] More recently, we again cited the Klein case in holding a prior plea of guilty admissible as an admission against interest. Kvanli v. Village of Watson, 272 Minn. 481, 486, 139 N. W. 2d 275, 279 (1965).

The trial court in his memorandum recognized the potential conflict of interest faced by Glens Falls. It is required to defend Sheehan but it has a stake in a jury determination that the tort was intentional. However, we echo the trial court's expression of confidence that counsel for Glens Falls "will adhere to the highest standards of the profession and defend Mr. Sheehan with fidelity and ability." Nevertheless, since the question of intent remains unresolved as between Hoium and Sheehan, we are of the opinion that Glens Falls should not lose the benefit of an adjudication after the case is fully litigated that the tort, if

---

[2] The Jankowski case was decided before the adoption of Minn. St. 169.94 which excludes pleas of guilty in traffic matters from being admitted into evidence in civil litigation. See, Warren v. Marsh, 215 Minn. 615, 619, 11 N. W. 2d 528, 530 (1943).

252

any, was an intentional one. That issue was not conclusively resolved by the trial court. Plaintiff introduced no evidence except Sheehan's plea of guilty. While Glens Falls has a duty to use every legitimate means to exonerate Sheehan and, therefore, may not introduce evidence to show an intentional tort or argue that contention as an adversary, we are of the opinion that the trial court should submit special verdicts without disclosing their effect to the jury to determine whether, if Sheehan is held liable, his liability is based on an intentional tort or on negligence.

For the reasons stated, we hold that, although Sheehan's plea of guilty may be received in evidence as an admission, it is not conclusive evidence that he committed an intentional tort. Pursuant to our holding in Jankowski, Sheehan may show, if he can, the inducements which led him to enter his plea.

Affirmed.

MR. JUSTICE GUNN took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.