**Mary Ann TURNER, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY and Board of Review of the Industrial Commission of Utah, Defendants.**

No. 13395.

Supreme Court of Utah.

Feb. 4, 1975.

Constance K. Lundberg of Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Edgar M. Denny, Sp. Asst. Atty. Gen., Salt Lake City, for defendants.

ELLETT, Justice:

The plaintiff herein appeals from a denial of unemployment benefits for 18 weeks, 12 before and 6 after delivery of her child. The parties stipulated to the facts of this case, to wit: Mrs. Turner was separated involuntarily from her work for reasons not related to pregnancy. She drew unemployment compensation until 12 weeks before the expected date of the birth of her child and again commencing 6 weeks thereafter. She was entitled to 36 weeks pay during her year, but due to the provisions of the statute relating to pregnancy, she was able to collect for only 30 weeks.

The statute in question [1] reads:

An individual shall be ineligible for benefits . . .

\*   \*   \*   \*   \*   \*

(h) For any week (1) within the twelve calendar weeks prior to the expected date of such individual's childbirth and within the 6 calendar weeks after the date of such childbirth; and (2) during any week of unemployment *when it is found by the commission that her total or partial unemployment is due to pregnancy.* [Emphasis added.]

Mrs. Turner attacks the statute above set out as being unconstitutional under Art. I,

---

1. Sec. 35-4-5, U.C.A.1953 (Replacement Vol. 4b).

Sec. 2, of the Constitution of Utah, which reads:

All political power is inherent in the people; and all free governments are founded on their authority for their equal protection and benefit, and they have the right to alter or reform their government as the public welfare may require.

She also claims that the statute is in violation of Art. IV, Sec. 1, which reads:

The rights of citizens of the State of Utah to vote and hold office shall not be denied or abridged on account of sex. Both male and female citizens of this State shall enjoy equally all civil, political and religious rights and privileges.

The question she poses is this: Is the statute set out above void in that it denies to her rights which are given to males?

We do not think so. Should a man be unable to work because he was pregnant, the statute would apply to him equally as it does to her. What she should do is to work for the repeal of the biological law of nature. She should get it amended so that men shared equally with women in bearing children. If she could prevail upon the Great Creator to so order things, she would be guilty of violating the equal protection of the law unless she saw to it that man could also share in the thrill and glory of Motherhood.

It is just as bad to treat unequal things as equals as it is to treat equal things unequally. In the matter of pregnancy there is no way to find equality between men and women. The Great Creator so ordained the difference, and there are few women who would wish to change the situation.

There is nothing in the Constitution which guarantees unemployment compensation to any person. To deny a pregnant woman pay for not working during her pregnancy violates no constitutional requirement.

The ruling of the Commission is affirmed. No costs are awarded.

TUCKETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur with the main opinion, but add some observations without intending any disparagement thereof. I realize the likelihood that its underlying rationale gets to the core of the problem and disposes of it in a more adroit way than I may appreciate. Nevertheless, for my own purpose, I state two propositions which I think support the decision of the Commission and the affirmance thereof by the main opinion.

The purpose of the unemployment compensation system is to provide compensation for persons who are *involuntarily* unemployed and who are *available* for employment.[1]

The course of nature with respect to pregnancy is so well known as to require no expatiation. I think the restriction of compensation during the 12 weeks before and 6 weeks after delivery of a baby is a reasonable requirement, in harmony with the above stated purpose of the statute;[2] and a safeguard against possible improper predations on the fund. There are many burdens involved in the bearing and rearing of children, which must be borne by those who take on that responsibility, or in certain exigencies, assisted by other governmental programs. But the system for compensation for persons involuntarily unemployed who are available for work was not intended nor designed to extend to that area.

HENRIOD, C. J., concurs in the views expressed in the concurring opinion of CROCKETT, J.

1. Sec. 35-4-4(c), U.C.A.1953; Martinez v. Board of Review, Dept. of Employment Security, 25 Utah 2d 131, 477 P.2d 587.

2. That pregnancy is a valid basis for different classification and treatment of individuals see Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974).