TURNER *v.* DEPARTMENT OF EMPLOYMENT
SECURITY OF UTAH ET AL.

No. 74–1312.   Decided November 17, 1975

PER CURIAM.

The petitioner, Mary Ann Turner, challenges the constitutionality of a provision of Utah law that makes pregnant women ineligible for unemployment benefits for a period extending from 12 weeks before the expected date of childbirth until a date six weeks after childbirth.   Utah Code Ann. § 35–4–5 (h)(1) (1974).

The petitioner was separated involuntarily from her employment on November 3, 1972, for reasons unrelated to her pregnancy.   In due course she applied for unemployment compensation and received benefits until March 11, 1973, 12 weeks prior to the expected date of the birth of her child.   Relying upon § 35–4–5 (h)(1), the respondent Department of Employment Security ruled that she was disqualified from receiving any further payments after that date and until six weeks after the date of her child's birth.   Thereafter, Mrs. Turner worked intermittently as a temporary clerical employee.   After exhausting all available administrative remedies, the petitioner appealed the respondents' rulings to the Utah

Supreme Court, claiming that the statutory provision deprived her of protections guaranteed by the Fourteenth Amendment. The state court rejected her contentions, ruling that the provision violated no constitutional guarantee. 531 P. 2d 870. The petition for certiorari now before us brings the constitutional issues here.

The Utah unemployment compensation system grants benefits to persons who are unemployed and are available for employment. Utah Code Ann. § 35–4–4 (c) (1974). One provision of the statute makes a woman ineligible to receive benefits "during any week of unemployment when it is found by the commission that her total or partial unemployment is due to pregnancy." § 35–4–5 (h)(2). In contrast to this requirement of an individualized determination of ineligibility, the challenged provision establishes a blanket disqualification during an 18-week period immediately preceding and following childbirth. § 35–4–5 (h)(1). The Utah Supreme Court's opinion makes clear that the challenged ineligibility provision rests on a conclusive presumption that women are "unable to work" during the 18-week period because of pregnancy and childbirth.* See 531 P. 2d, at 871.

---

*The respondents contend that the challenged provision is a limitation on the coverage of the Utah unemployment compensation system and not a presumption of unavailability for employment based on pregnancy. This characterization of the statute, advanced in an attempt to analogize the provision to the law upheld in *Geduldig* v. *Aiello,* 417 U. S. 484, conflicts with the respondents' argument to the Utah Supreme Court. Before that court respondents claimed that " 'near term pregnancy is an endemic condition relating to employability.' " The Utah Supreme Court's decision is premised on the impact of pregnancy on a woman's ability to work. Its opinion makes no mention of coverage limitations or insurance principles central to *Aiello.* The construction of the statute by the State's highest court thus undermines the respondents' belated claim that the provision can be analogized to the law sustained in *Aiello.*

46

The presumption of incapacity and unavailability for employment created by the challenged provision is virtually identical to the presumption found unconstitutional in *Cleveland Board of Education* v. *LaFleur,* 414 U. S. 632. In *LaFleur,* the Court held that a school board's mandatory maternity leave rule which required a teacher to quit her job several months before the expected birth of her child and prohibited her return to work until three months after childbirth violated the Fourteenth Amendment. Noting that "freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause," 414 U. S., at 639, the Court held that the Constitution required a more individualized approach to the question of the teacher's physical capacity to continue her employment during pregnancy and resume her duties after childbirth since "the ability of any particular pregnant woman to continue at work past any fixed time in her pregnancy is very much an individual matter." *Id.,* at 645.

It cannot be doubted that a substantial number of women are fully capable of working well into their last trimester of pregnancy and of resuming employment shortly after childbirth. In this very case Mrs. Turner was employed intermittently as a clerical worker for portions of the 18-week period during which she was conclusively presumed to be incapacitated. The Fourteenth Amendment requires that unemployment compensation boards no less than school boards must achieve legitimate state ends through more individualized means when basic human liberties are at stake. We conclude that the Utah unemployment compensation statute's incorporation of a conclusive presumption of incapacity during so long a period before and after childbirth is constitutionally invalid under the principles of the *LaFleur* case.

Accordingly, the writ of certiorari is granted, the judgment is vacated, and the case is remanded to the Supreme Court of Utah for further proceedings not inconsistent with this opinion.

*So ordered.*

THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN would not summarily vacate the judgment of the Supreme Court of Utah. Instead, they would grant certiorari and set the case for full briefing and oral argument.

MR. JUSTICE REHNQUIST dissents.