## No. 27018

**Gail M. Sylvara v. Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Hewlett Packard Company**

(550 P.2d 868)

Decided June 7, 1976.

Loa E. Bliss, Marie S. McCauley, for petitioner

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, Mary A. Rashman, Assistant, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal by Sylvara (claimant) from an Industrial Commission order refusing to pay unemployment insurance benefits to her until she had worked for thirteen weeks in full-time employment following the termination of her pregnancy.

Claimant was hired by the Hewlett Packard Co. on June 23, 1973. When she was nine months pregnant, she was granted a medical leave of absence which commenced on July 9, 1974. Claimant gave birth to a child on July 11, 1974. On August 26, 1974, the claimant notified Hewlett Packard that she was ready to return to work. The employer advised her that there were no job openings available. Claimant then filed her request for unemployment benefits. Pursuant to 1965 Perm. Supp., C.R.S. 1963, 82-4-8(8)(f), a "Special Award" was made, but in accordance with the statute, payments would not commence until she had completed thirteen weeks of full-time employment after the termination of the pregnancy.[1]

There is no contention that the Industrial Commission failed to comply with the dictates of the statute. Therefore, the question is one solely of the validity of the statute. Claimant contends that the statute is invalid under the United States and Colorado Constitutions and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e (1970). Under these circumstances, we accepted jurisdiction. *See* section 13-4-102(1)(b), C.R.S. 1973.

The Attorney General of the State of Colorado has confessed error in this case and has requested the court to declare the statute invalid under the Equal Protection and Due Process clauses of the Fourteenth Amendment and the Equal Rights Amendment to the Colorado Constitution.

■ For the reasons which follow, we conclude that the challenged statute is unconstitutional because it creates an impermissible conclusive presumption in violation of the Due Process clause.

I.

The challenged statute makes pregnant women ineligible to receive unemployment insurance benefits until they have worked in full-time employment for thirteen weeks following the termination of pregnancy. Thus a pregnant woman could not receive unemployment benefits for at least

---

[1]Now section 8-73-108(8)(d)(IV), C.R.S. 1973. Subsequent references in this opinion to this statute will be to the 1973 citation.

Section 8-73-108(8)(d)(IV) provides:

"Notwithstanding other provisions of this subsection (8), awards to workers who are separated from a job because of pregnancy shall be made in accordance with the following provisions:
* * * *

"(IV) If she is not the sole support of her child, children, or invalid husband, no award until she has reentered the labor market and has worked for thirteen weeks subsequent to the termination of her pregnancy in full-time employment in Colorado or in full-time employment outside of Colorado which was covered by an unemployment insurance law, or a combination thereof which totals thirteen full weeks, then, full award if the worker is otherwise eligible and has wage credits remaining."

thirteen weeks following termination of her pregnancy, regardless of the woman's ability and willingness to work. The period of ineligibility could, of course, be much longer than thirteen weeks; if the woman is unable to secure employment for thirteen weeks, the disqualification may continue indefinitely.

The Colorado program of unemployment insurance is based on the principle that only those persons who are willing and able to work are entitled to unemployment benefits. Section 8-73-107(a), C.R.S. 1973. The statute, however, creates a conclusive presumption that any woman who has been pregnant is unable to work until she *has* worked for thirteen weeks following the termination of her pregnancy. This presumption applies to no one else.

Many women who fall within the thirteen week disqualification period, however, are physically able to return to work and many have, without doubt, a good faith desire to return to work. *See Cleveland Board of Education v. La Fleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). Nevertheless, the statute makes actual ability and actual intent irrelevant; the statutory presumption of incapacity and unwillingness to return to work forecloses any inquiry into the actual facts of a particular case.

In *Turner v. Dept. of Employment Security*, 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975), the United States Supreme Court held unconstitutional a Utah statute which made women ineligible for unemployment benefits for a period of extending from twelve weeks before the expected date of childbirth until six weeks after childbirth. The Supreme Court accepted the Utah court's determination that the statute created a conclusive presumption of incapacity during the eighteen week period. Holding that "[t]he Fourteenth Amendment requires that unemployment compensation boards . . . must achieve legitimate state ends through more individualized means when basic human liberties are at stake," the court found the conclusive presumption created by the statute to be offensive to the Due Process clause. 423 U.S. at 46, 96 S.Ct. at 251, 46 L.Ed.2d at 184. *See Cleveland Board of Education v. La Fleur, supra.*

The holding in *Turner, supra,* is dispositive of the instant case. The only difference between the Utah statute and the Colorado statute is that the Utah enactment forecloses the payment of unemployment benefits to pregnant women for a fixed period of time, prior, during, and after childbirth, while the challenged subsection of the Colorado statute operates to disqualify a formerly pregnant woman for at least thirteen weeks following termination of the pregnancy. In terms of the reasoning of the *Turner* and *La Fleur* cases, this distinction does not constitute a difference of constitutional proportion. Both statutes create conclusive presumptions of inability or unwillingness to work for substantial periods of time and both similarly implicate the "freedom of personal choice in matters of marriage

and family life." *Turner, supra*, 423 U.S. at 46, 96 S.Ct. at 250, 46 L.Ed.2d at 184.

While the limits and boundaries and even the theoretical basis of the federal constitutional attack on conclusive presumptions are not always clear in the decisions of federal courts, the *Turner* case convinces us that the doctrine must be held to apply to the instant statute as a matter of federal constitutional law. *See Cleveland Board of Education v. Le Fleur, supra*, (Powell, J., concurring and Rehnquist, J., dissenting.) *See also* The Conclusive Presumption Doctrine; Equal Process or Due Protection?, 72 Mich. L. Rev. 800 (1974); Irrebuttable Presumptions: An Illusory Analysis?, 27 Stan. L. Rev. 449 (1975); Conclusive Presumptions and the Right to Take the Bar Examination, 46 U. Colo. L. Rev. 79 (1974).

We therefore hold that section 8-73-108(8)(d)(IV), C.R.S. 1973, creates an impermissible conclusive presumption in violation of the Due Process clause of the Fourteenth Amendment.[2]

## II.

Because of our disposition of this case, we do not address the equal protection contentions advanced by the parties, nor the effects of the Colorado Equal Rights Amendment on the issues raised by this case, nor the question of whether state courts have jurisdiction to entertain Title VII actions.

The order is reversed and the case is remanded to the Industrial Commission for proceedings consistent with this opinion.

[2]We decline to accept the Attorney General's invitation to declare other subsections of section 8-73-108 invalid. Adjudication of the validity of other statutory provisions must await a case that directly raises the constitutionality of those provisions.