INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, et al., Plaintiff-Appellants,

v.

The INDIANA EMPLOYMENT SECURITY BOARD, et al., Defendant-Appellees.

No. 78-2548.

United States Court of Appeals, Seventh Circuit.

Argued April 25, 1979.

Decided June 22, 1979.

Ramon V. Gomez, EEOC, Washington, D. C., Jordon Rossen, Detroit, Mich., for plaintiff-appellants.

Terry G. Duga, Deputy Atty. Gen., Indianapolis, Ind., for defendant-appellees.

Before SWYGERT, Circuit Judge, MOORE, Senior Circuit Judge,* and TONE, Circuit Judge.

---

* The Honorable Leonard P. Moore, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, is sitting by designation.

TONE, Circuit Judge.

The issue in this case is the constitutionality of Indiana statutory provisions, now repealed, that denied unemployment compensation to women who were willing and able to work but were denied the opportunity to do so because of pregnancy. We hold these provisions unconstitutional and reverse the district court's judgment to the contrary.

The plaintiff union brought the action both as an employer-contributor to an employment compensation fund governed by the Indiana Employment Security Act, Ind. Code Ann. § 22–4–1–1, *et seq.* (Burns), and on behalf of those of its members denied compensation from the fund because of the challenged statutory provisions. In addition, five individual plaintiffs assert claims for unemployment compensation and also seek to represent a class of all women similarly situated. The defendants are Indiana officials responsible for administering the Act. Proceeding under 42 U.S.C. § 1983, plaintiffs claim that the provisions in question violate the Fourteenth Amendment. Other alleged bases of jurisdiction and theo-

ries of invalidity need not concern us. The district court dismissed the action for failure to state a claim on which relief can be granted without determining whether the action should proceed as a class action.

The Indiana Employment Security Act provides for the payment of unemployment compensation benefits to unemployed persons who are able to work, available for work, and making an effort to obtain work, and who have neither left their previous place of employment voluntarily without good cause attributable to the employer nor been discharged for misconduct in connection with work. Ind. Code Ann. §§ 22–4–14–1 through 22–4–14–7 and 22–4–15–1 through 22–4–15–8 (Burns). The provisions challenged in this case provided that if an "individual's unemployment is due to pregnancy" she would be deemed unavailable for work and therefore ineligible to receive benefits, former § 22–4–14–3(d),[1] repealed in relevant part, Pub.L. No. 253, § 1 (1975), and that a woman separated from employment "because of pregnancy" was disqualified from receiving unemployment benefits, former § 22–4–15–1,[2] repealed in relevant

1. Ind.Code Ann. § 22–4–14–3(d) (Burns) read in relevant part:

An unemployed individual shall be eligible to receive benefits with respect to any week only if he is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work. . . . For the purpose of this article [22–4–1–1—22–4–38–3], unavailability for work of an individual shall be deemed to exist but shall not be limited to, any case in which, with respect to any week, it is found:

. . .

(d) That such individual's unemployment is due to pregnancy.

2. Ind.Code Ann. § 22–4–15–1 (Burns) read in relevant part:

With respect to benefit periods established subsequent to July 1, 1967 and prior to July 4, 1971, other provisions of this article [22–4–1–1—22–4–38–3] notwithstanding, an individual shall be ineligible for any waiting period or benefit rights based upon wages earned from any employer whose employ he has left voluntarily without good cause attributable

to the employer or from which he has been discharged for misconduct in connection with his work: . . . Provided, further, however, That the provisions of this paragraph shall be subject to the following modifications:

. . . (2) Separation from employment because of pregnancy shall be construed as within the purview of the disqualification provided herein . . .

The disqualifications provided in this section shall be subject to the following modifications: . . .

(4) An individual who is separated from employment because of pregnancy shall be subject to disqualification under this section only if she fails to apply for or to accept a leave of absence under a plan provided by the separating employer.

The Indiana legislature amended § 22–4–15–1 to include the first paragraph quoted above in 1967, Ind.Acts. ch. 310 § 19; it added the second quoted paragraph in 1971, Pub.L. No. 355 § 35.

part, Pub.L. No. 262, § 25 (1977). The amended complaint in the case at bar alleges that at least one of the individual plaintiffs was denied unemployment benefits on the ground, among others, of her pregnancy and that another was not even allowed to file a claim because of her pregnancy.

As we view the case, it falls squarely within *Turner v. Department of Employment Security of Utah,* 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975), which held unconstitutional under the Fourteenth Amendment a Utah statute that made "pregnant women ineligible for unemployment benefits for a period extending from 12 weeks before the expected date of childbirth until a date six weeks after childbirth." *Id.* In so holding, the Court relied upon *Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). Regardless of the current status of the irrebuttable presumption doctrine, *see Trafelet v. Thompson,* 594 F.2d 623, 629–630 (7th Cir. 1979), we are of course bound to follow the *Turner* holding. A state statute that denies unemployment benefits to all women who are unemployed because of pregnancy without regard to whether individual pregnant women have the physical capacity to continue work is invalid under that holding.

Indeed, counsel for defendants has recognized the authority of *Turner* in his oral argument and his brief, although in the latter a desultory reference is made to *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), and *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), as cases "this case should follow." Counsel's only attempt to distinguish *Turner* is his argument that the challenged Indiana statutory provisions "do not deny the woman a chance to show that she is able and willing to work," and that "only women who are unable or unwilling to work because of pregnancy are denied benefits." This argument simply ignores the unequivocal statutory declarations that "unavailability for work of an individual shall be deemed to exist . . . [in] any case in which . . . it is found . . . [t]hat such individual's unemployment is due to pregnancy," see note 1, *supra,* and that "[s]eparation from employment because of pregnancy shall be construed as within the purview of the disqualification provided" with respect to individuals who left their employment voluntarily without good cause attributable to the employer or who were discharged for misconduct, see note 2, *supra.* When the defendants' attempt to distort the statutory language is disposed of, nothing is left of their argument and *Turner* plainly controls.

The judgment is reversed and the case is remanded to the district court with directions to determine whether it should proceed as a class action and for further proceedings consistent with this opinion.

REVERSED AND REMANDED.