Patricia A. NEVINS, Employee-Relator,

v.

CHRISTOPHER STREET, INC.,
Employer-Respondent,

and

Commissioner of Economic
Security, Respondent.

No. C2–84–1675.

Court of Appeals of Minnesota.

March 12, 1985.

James V. Roth, Minneapolis, for employee-relator.

Marc G. Kurzman, Minneapolis, for employer-respondent.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Claimant Patricia Nevins appeals from the determination of the Commissioner of Economic Security that she was properly discharged for gross misconduct connected to her job and was, therefore, disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(3) (Supp.1983).

## FACTS

Patricia Nevins was employed by Christopher Street from July 1, 1976, as its executive director. In January 1984, Nevins was arrested while at work and charged with felony theft for sending erroneous billings to insurers for payment. There was evidence of employer ratification of such conduct. On January 17, 1984, she was suspended from her employment.

At a hearing before the Department of Economic Security referee on the issue of Nevins' qualification for benefits, only the employer appeared. On the advice of coun-

sel, Nevins did not appear because of pending criminal charges.

On May 17, 1984, the referee issued a decision finding Nevins chargeable with misconduct for failure to purchase director's liability insurance and to pay certain payroll taxes as required by her employer and was, therefore, disqualified from the receipt of unemployment compensation benefits. Nevins filed a timely appeal to the Commissioner.

In the interim, Nevins pleaded guilty to six of the 15 pending counts of theft. See 359 N.W.2d 66. In her appeal to the Commissioner, Nevins sought a remand on three grounds: 1) she was unable to appear and testify at the hearing because of the pending criminal charges; 2) the Department of Economic Security failed to subpoena the written records she requested; and 3) the evidence presented by the employer Christopher Street was hearsay. In accordance with the request of the Commissioner, Nevins filed an offer of proof.

The Commissioner determined that Nevins was discharged for gross misconduct based on a conclusive presumption of such conduct contained in Minn.Stat. § 268.09, subd. 1(3) relating to felony or gross misdemeanor convictions. The Commissioner amended the referee's findings accordingly, with the imposition of the penalty for regular misconduct to conform to that of the referee.

Nevins appeals the Commissioner's determination of gross misconduct, claiming the presumption contained in the statute is unconstitutional as a violation of due process. We affirm.

## ISSUE

Is the presumption of gross misconduct contained in Minn.Stat. § 268.09, subd. 1(3), based on a criminal conviction for the act of misconduct for which the individual was discharged, a violation of due process?

## ANALYSIS

The Commissioner's finding of gross misconduct was based on Minn.Stat. § 268.09,

subd. 1(3) (Supp.1983), which provides, in pertinent part:

> Discharge for gross misconduct. The individual was discharged for gross misconduct connected with his work or gross misconduct which interferes with and adversely affects his employment. For a separation under this clause, the commissioner shall impose a total disqualification for the benefit year and cancel all of the wage credits from the last employer from whom he was discharged for gross misconduct connected with his work.

> For the purpose of this clause "gross misconduct" is defined as misconduct involving assault and battery or the malicious destruction of property or arson or sabotage or embezzlement or any other act, including theft, the commission of which amounts to a felony or gross misdemeanor. * * *

> *If an individual is convicted of a felony or gross misdemeanor for the same act or acts of misconduct for which the individual was discharged, the misconduct is conclusively presumed to be gross misconduct if it was connected with his work.*

*Id.* (emphasis added). The final provision absolutely precludes an award of unemployment benefits when an employee is convicted of criminal charges arising out of the same acts that were the cause of discharge from employment.

It is unquestioned that the facts of this case fall squarely under the final provision of the statute. The theft to which Nevins pleaded guilty is the same conduct for which she was discharged from her employment.

But Nevins argues that the presumption is a violation of due process, citing a number of Minnesota and U.S. cases in which the courts have held that conclusive statutory presumptions are unconstitutional as denying due process. *See, e.g., Turner v. Department of Employment Security,* 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975) (conclusive presumption in state statute that pregnant women are ineligible for unemployment benefits for period extend-

ing from 12 weeks before the expected date of childbirth until a date six weeks after childbirth); *United States Department of Agriculture v. Murry,* 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973) (conclusive presumption contained in Food Stamp Act providing that any household which includes a member who has reached his 18th birthday and who is claimed as a dependent child for federal income tax purposes by a taxpayer who is not a member of an eligible household shall be ineligible to participate in any food stamp program during the tax period such dependency is claimed and for a period of one year after expiration of such tax); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973) (irrebutable presumption that a student is a non-resident); *Heiner v. Donnan,* 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932) (conclusive presumption that gifts made within two years prior to death were made in contemplation of death); *see also State v. Kelly,* 218 Minn. 247, 15 N.W.2d 554 (1944) (statute providing that finding of intoxicating liquor in possession of any person shall be prima facie evidence of possession with intent to sell).

These cases involve a presumption of fact following from the proof of another different fact. In contrast, this case involves the same facts as those already proved or admitted. Nevins pleaded guilty to six counts of felony theft.

We are cognizant of Nevins' concern that she is being disqualified from benefits for acts that she argues were ratified by the employer. We are not unaware of the possible unfairness of disqualification if there was no intention to violate the law, no knowledge that the acts were criminal, and the fact of permission and knowledge of the employer in the commission of the illegal acts.

■ But Nevins was convicted by a plea of guilty of just the same actions she is accused of committing before the Department of Economic Security. Nevins had an opportunity to fully litigate the facts and chose to enter a plea of guilty. The imposi-

tion of the presumption did not constitute a denial of due process.

■ The statute is obviously intended to eliminate a requirement for proof in the administrative forum of a fact already proved in a trial court in a criminal proceeding. The statute codifies the common law doctrine of collateral estoppel, a form of res judicata "whereby a former judgment is conclusive in a later suit between the same parties or their privies as to determinative issues finally decided in the former suit." *Travelers Insurance Co. v. Thompson,* 281 Minn. 547, 551, 163 N.W.2d 289, 292 (1968), *appeal dismissed,* 395 U.S. 161, 89 S.Ct. 1647, 23 L.Ed.2d 175 (1969).

The general common-law rule has been that a criminal judgment is not admissible as evidence in a civil action to establish a fact determined in the criminal action nor does it constitute a bar to subsequent civil action based upon the offense of which the party stands convicted and that the judgment of conviction is not admissible in evidence for that purpose.

*Id.; see Wahl v. Walton,* 30 Minn. 506, 16 N.W. 397 (1883).

An exception to this rule has developed in situations where the convicted defendant attempts by subsequent civil litigation to profit from his own crime. In these cases, the courts have not hesitated to apply the doctrine of collateral estoppel even though the parties to the two actions are not identical. These cases reflect a concern about permitting one whose guilt has been fully determined by proof beyond a reasonable doubt to embarrass the judicial process by prevailing in a subsequent civil action involving the same facts, thereby profiting from the crime for which he was convicted.

Thus, in *Travelers Insurance Co.,* the Minnesota Supreme Court prohibited T. Eugene Thompson from relitigating the question of his involvement in his wife's murder in a lawsuit brought subsequent to his conviction for murder, in which he sought life insurance benefits on policies that had been taken out on his wife's life. The court noted that "to permit a retrial of the facts

and issues already determined in the criminal proceeding would be an imposition on the courts and only tend to embarrass or bring into disrepute the judicial process." *Travelers,* 281 Minn. at 555, 163 N.W.2d at 294.

That exception to the common law doctrine of collateral estoppel was subsequently challenged in *Glens Falls Group Insurance Corp. v. Hoium,* 294 Minn. 247, 200 N.W.2d 189 (1972), wherein the Minnesota Supreme Court refused to impose collateral estoppel. In *Hoium,* the insured pleaded guilty to a charge of simple assault. The injured party sued the insured and the insurance company refused to defend citing the policy provision excluding coverage for intentional torts. The court distinguished *Thompson* by noting that, in *Thompson,* the defendant had vigorously contested his prosecution for murder and had been found guilty. In the instant case, Nevins had ample opportunity to contest the criminal charges with knowledge of her pending unemployment claim.

## DECISION

Because relator Nevins had ample opportunity to fully litigate the question of guilt in the criminal action, adoption of the finding of guilt as provided by the presumption in Minn.Stat. § 268.09, subd. 1(3) in this economic security action is not a denial of due process. The finding of the Commissioner of Economic Security that Nevins was disqualified from the receipt of unemployment compensation is affirmed.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge, dissenting

I respectfully disagree and dissent. The United States Supreme Court often has stated:

Statutes creating permanent irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments.

*Vlandis v. Kline,* 412 U.S. 441, 446, 93 S.Ct. 2230, 2233, 37 L.Ed.2d 63 (1973). In my opinion, this conclusive statutory presumption unconstitutionally denies due process of law. *See State v. Kelly,* 218 Minn. 247, 250, 15 N.W.2d 554, 557 (1944); *see also Turner v. Department of Employment Security,* 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975) (conclusive presumption that pregnant women are ineligible for unemployment benefits until six weeks after childbirth violates due process).

The conclusive presumption of misconduct in Minn.Stat. § 268.09 denies due process by denying an employee the right to submit evidence relating to actual misconduct, including the nature of the crime, who benefited from it, or whether the employee personally benefited. In this matter, the employer was aware of the problems involved with medical assistance, and relator acted in accordance with directions she received from the board of directors and her supervisor. She also received written authorization to sign Dr. Fleming's name on the insurance form. The benefits from relator's conduct inured to the employer; relator did not benefit personally.

Since relator had no reason to believe her conduct was illegal or even improper, relator should not be conclusively presumed guilty of misconduct for unemployment compensation purposes.[1] Unfortunately, the irrebuttable presumption prohibits the Department of Economic Security from considering the relevant facts and circumstances and from determining whether actual misconduct existed.

Statutes creating artificial presumptions of fact and prima facie proof are by no means new or even modern. They have long been recognized and enforced by this court. * * *

Such statutes are of two general types: those creating conclusive presumptions of law or fact, and those creating rebuttable presumptions of fact or "prima facie" proof. *Those of the first type have*

---

1. The presumption also operates as a windfall for the employer who is responsible for and benefited from relator's illegal conduct but is not required to pay for unemployment benefits.

*met the almost uniform fate of being declared unconstitutional, as denying due process of law.*

*Kelly,* 218 Minn. at 249–50, 15 N.W.2d at 556–557 (emphasis added).

The Minnesota Supreme Court should review this decision and determine the constitutional validity of this conclusive presumption.