**Patrice Maguire SCOTT**

v.

**AMERICAN BAR ASSOCIATION, Maginnis and Associates, Kemper Group, American Motorists Insurance Company, George F. Grode, Insurance Commissioner of the Commonwealth of Pennsylvania, Alvin E. Echols, Jr., et al., Commissioners of the Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission.**

Civ. A. No. 86–4740.

United States District Court, E.D. Pennsylvania.

Feb. 5, 1987.

Patrice Maguire Scott, pro se.

Thomas P. Grace, John R. Brown, Philadelphia, Pa., for Kemper Group & American Motorists Ins. Co.

L. Oliver Frey, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for American Bar Ass'n.

David B. Adams, Murphy, Taylor & Adams, P.C., Philadelphia, Pa., for Maginnis and Associates.

Ellis M. Saull, Deputy Atty. Gen., Office of the Atty. Gen., Philadelphia, Pa., for George F. Grode, Ins. Com'r of the Commonwealth of Pennsylvania, Alvin E. Echols, Jr., et al., Commissioners of Pennsylvania Human Relations Com'n.

## MEMORANDUM AND ORDER

KATZ, District Judge.

On December 22, 1986, this Court granted defendants' motions to dismiss plaintiff's complaint which alleged gender discrimination based upon the Fifth and Fourteenth Amendments to the United States Constitution, and sections 1983, 1985, and 1986 of the Civil Rights Acts, 42 U.S.C. §§ 1983, 1985(3), and 1986. The alleged gender discrimination arose from the elimination of maternity benefits from the category she had chosen in a group health insurance program for law students. The basis for granting defendants' motions to dismiss was that "under the current state of the law, and under the facts plaintiff alleges, she has not been deprived of equal protection of the law, nor of her due process rights. *See Geduldig v. Aiello*, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974) (exclusion of pregnancy as covered cause for disability under state sponsored disability insurance program does not constitute discrimination in violation of the equal protection clause of 14th Amendment)." (Order of December 22, 1986).

Plaintiff has filed a Motion to Reconsider Dismissal of her Complaint, arguing, that *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974) does not apply; that the Pennsylvania Commonwealth Defendants' failure to investigate diligently the private defendants' alleged violations of Pennsylvania insurance, consumer protection, and anti-discrimination laws violated her federal due process rights and denied her equal protection of the laws; that this case is governed by *Stern v. Mass. Indem. & Life Ins. Co.,* 365 F.Supp. 433 (E.D.Pa.1973).

■ While plaintiff is correct that subsequent Supreme Court decisions have restricted *Geduldig*'s precedential value, the ruling in *Geduldig* still governs the plaintiff's case. The precedents that plaintiff cites are clearly distinguishable from *Geduldig,* and irrelevant for the facts of plaintiff's case. The holdings in both *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977) and *City of Los Angeles v. Manhart,* 435 U.S. 702, 712-19, 98 S.Ct. 1370, 1377-80, 55 L.Ed.2d 657 (1978), which plaintiff cites, are based on violations of Title VII of the Civil Rights Act of 1964. Since plaintiff's case is not within the Title VII (employment) context, these holdings do not control here. The third case that plaintiff cites, *Turner v. Dept. of Employment Security,* 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975) is also not controlling: there the court struck down a Utah unemployment compensation law presuming pregnant women to be unavailable for work, and, thus, ineligible for benefits, during the 18 weeks prior to and after childbirth, as violating the 14th Amendment. The Court ruled the basic human liberty at stake required a more individualized approach to achieving legit-

imate state ends. Plaintiff has failed to indicate any statutory provision infringing on her.

■ Plaintiff's second argument concerns the alleged failures of the Pennsylvania Insurance Commission ("PIC") and the Pennsylvania Human Relations Commission ("PHRC") to take action against the private defendants to prevent their alleged illegal discriminatory insurance practices. This failure, plaintiff suggests, violated her federal due process rights and denied her equal protection of the law. This Court's order of December 22, 1986, granting defendants' motions to dismiss, rejected, based on *Geduldig,* plaintiff's equal protection claim. Plaintiff has failed to identify any state-created liberty interest that falls within the scope of due process clause protection. While federal courts can, under the 14th Amendment, protect against inadequate procedures infringing upon state-created liberty interests,[1] they can not, under the 11th Amendment, entertain a suit against state officials on the basis of state law. *Pennhurst State School and Hospital et al v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Hence, plaintiff cannot bring a cause of action solely under the Pennsylvania Equal Rights Amendment against state officials in federal court, whatever the merits of such an action in state court. *See Welsch v. Aetna Ins. Co.,* 343 Pa.Super. 169, 494 A.2d 409 (Pa.Super.1985).

■ In addition, the PIC's decision not to undertake enforcement activities is a discretionary one.[2] *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). The Supreme Court, finding that agency decisions to refuse enforcement are

---

1. *Cf. Wolff v. McDonell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). (Nebraska's creation of right to shortened prison sentence through good time credit, requires, under the 14th Amendment due process protection of liberty interests, minimum procedures to ensure the state created right is not necessarily abrogated); *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (liberty interest implicated by transfer of prisoner from a prison to a mental hospital must be accompanied, under

the 14th Amendment due process clause, by appropriate procedural protection). *See also supra* page 1421.

2. 40 P.S. § 1171.7 (Commissioner may examine and investigate the affairs of every person engaged in the business of insurance ... to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by the Act.)

generally unsuitable for judicial review, reasons that

an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus the agency must not only assess whether a violation has occurred, but whether resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all.... The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.

*Heckler, supra* at 831–32, 105 S.Ct. at 1655–56.

■ Judicial immunity also bars plaintiff's claim against the PHRC based upon the PHRC's dismissal of plaintiff's administrative complaints for lack of jurisdiction. Since the functions of an administrative judge are "functionally comparable" to that of a judge, the doctrine of judicial immunity extends to protect administrative judges against charges of unconstitutional acts. *Butz v. Economy,* 438 U.S. 478, 512–14, 98 S.Ct. 2894, 2913–14, 57 L.Ed.2d 895. *See also Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981) (on immunity for state officials acting in quasi-judicial capacity).

Plaintiff's final point is that *Stern v. Mass. Indem. & Life Ins. Co.,* 365 F.Supp. 433 (E.D.Pa.1973) applies. It does not. *See Broderick v. Associated Hospital Service of Philadelphia,* 536 F.2d 1 (3d Cir. 1976) (finding no state action for purposes of 42 U.S.C. § 1983 in Pennsylvania statutory requirement that the Insurance Department approve the rates and subscriber agreements of Blue Cross and Blue Shield); *Jackson v. Associated Hosp. Service of Philadelphia,* 414 F.Supp. 315, *aff'd* 549 F.2d 795; *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977) (state action in Pennsylvania's regulation of insurance activities not sufficient for 42 U.S.C. § 1983 jurisdiction). In *Stern,* in contrast

to plaintiff's case, the insurance companies used a sex-based classification to determine the availability of insurance policies. The court in *Stern* noted that such state action granting "benefits or privileges to men and not to women is *prima facie* unconstitutional as a violation of equal protection of the law...." *Stern,* 365 F.Supp. at 439. However, the Supreme Court has held that denial of benefits for pregnancy does not invoke the equal protection that is available for denial based on gender classifications.[3]

For the aforementioned reasons, plaintiff's motion is denied.

---

**3.** *See supra* page 1421 (discussing *Geduldig*).