FREDERICK WISCHSTADT, Jr., *vs.* FREDERICK WISCHSTADT, Sr.

November 19, 1891.

Action for Slander—Evidence of Publication—Plea of Guilty in Criminal Prosecution.—In an action for slander, in order to prove the uttering of the words, the plaintiff may prove defendant's plea of guilty in a criminal proceeding in the warrant in which the slanderous words were, in substance and meaning, though not literally, set forth as the basis of the criminal charge.

Same—Evidence to Discredit Witness.—To discredit a witness on the ground of supposed ill feeling on his part towards the party against whom he is called, it is not proper to prove only that the party had brought an action against the witness.

**Same—Evidence to Prove Hostile Feeling of Witness.**—To prove hostile feeling, when denied, some act or declaration of the witness indicating it must be shown. It is not enough to prove merely what might be a reason for it.

Action brought in the district court for Nicollet county, for words spoken in German on June 4, 1889, at the city of St. Peter, and being, in translation: "He is a scamp. He has stolen my hogs out of my stable." At the trial, before *Webber*, J., the plaintiff, to prove the speaking of the words charged, offered in evidence a complaint made by him before the city justice of the peace on June 4, 1889, against the defendant, for using these words in reference to him on that day: "Fred Wischstadt has stolen some hogs out of my barn;" also the warrant issued thereon, and the justice's docket showing the making of the complaint, the return of the warrant executed by the arrest of the defendant and his production before the justice, the reading of the warrant, the prisoner's plea of guilty, and the imposition and payment of a fine of five dollars and costs. This evidence was admitted, against defendant's objection and exception. One Poehling, brother-in-law of plaintiff and son-in-law of defendant, having testified for the latter, the plaintiff, to show hostility to himself on the part of the witness, introduced in evidence, against defendant's objection and exception, the summons and complaint in a pending suit by plaintiff against the witness for defamatory words spoken, as alleged, on June 4, 1889. The plaintiff had a verdict of $600, a new trial was refused, and the defendant appealed.

*A. A. Stone* and *A. R. Pfau*, for appellant.

*C. R. Davis* and *Geo. W. Somerville*, for respondent.

GILFILLAN, C. J. There was no error in admitting the complaint and warrant and defendant's plea of guilty in the criminal proceeding instituted by plaintiff against the defendant. The admissibility of the papers rested entirely upon the plea of guilty. That was an admission that defendant spoke the words charged in the warrant, and, for the purpose of evidence in this action upon the issue as to speaking the words, stands as an admission of speaking them made in any other manner, entitled to greater weight because of the deliberateness with which the plea is presumed to have been made.

The slanderous charge set forth in the warrant is not literally the same as that set forth in this complaint, but the two are in that respect the same in substance. They charge the same offence, to wit, larceny; of the same kind of property, to wit, hogs; from the same place, to wit, the defendant's barn or stable; and the same time and place is alleged for speaking the words. The fact that in one charge the hogs are described as "my hogs," and in the other as "some hogs," is not so material but that it is manifest this complaint and the warrant refer to the same speaking. In actions for slander, it is enough that the words proved are the same in substance as those set out in the complaint. A verbal difference, not changing the meaning of the slanderous words, is immaterial.

But the admission of the complaint in the action by this plaintiff against defendant's witness Poehling was error. Of course, it is proper, as affecting the weight to be given to a witness' testimony, to show ill feeling on his part towards the party against whom he is called. Without expressing any opinion on the question whether such hostile feeling may be shown without first interrogating the witness as to the point, or as to any acts or declarations of his tending to prove it, or the question whether when, on his cross-examination, he fully admits such feeling or acts or declarations, any further evidence may be admitted to prove his hostility, we do not hesitate to hold that the evidence must be such as directly tends to prove it. As said in *State* v. *Bilansky*, 3 Minn. 169, (246,) "To prove such a feeling of hostility in the mind of the witness, facts which directly tend to establish it should be resorted to,—such as threats, quarrels, and the like circumstances,—and not such as when proved would leave the ill feeling inferential." It will not suffice to show only a reason why bias or prejudice might exist, and from which it might be inferred, without showing that it had the effect to cause such bias or prejudice. To permit other than evidence tending to prove actual hostile feeling might lead to wasting the time of trials, by following what are really matters aside from the issues between the parties. Where the hostile feeling is denied, the proper way to prove it is by showing acts or declarations of the witness indicating his state of mind towards the party. It is not proper to prove merely the acts

or declarations of some other person, for which the witness was in no way responsible and in which he took no part. Such might suggest a reason for, but would not tend to prove the actual existence of, hostile feeling. In this case the plaintiff was permitted to prove, not that the witness had said or done anything indicating ill feeling on his part, but that he, the plaintiff, had brought an action against him charging him with uttering a slander. He might as well have been permitted to prove any other act of his towards the witness that might arouse resentment,—such as that he had assaulted or slandered or cheated him. Without proof of the effect that any such act did in fact have on the mind of the witness, to be shown by his acts or declarations, evidence of any such acts would surely be improper. Otherwise a witness might be discredited, not because of anything said or done by him, but by reason of the possible or conjectured effect on his mind of something said or done by the party seeking to impeach him.

Order reversed.