Richard KING, Appellant,

v.

ALL-AMERICAN, INC., Respondent.

No. 51527.

Supreme Court of Minnesota.

Aug. 21, 1981.

Thomson, Lovett, Wahlfors & Moran and James L. Wahlfors, Bloomington, for appellant.

Cousineau, McGuire, Shaughnessy & Anderson and Henry A. Cousineau, Minneapolis, for respondent.

WAHL, Justice.

This case was tried to a jury in Hennepin County District Court in April 1980. The jury returned a verdict in favor of respondent, and appellant moved for a new trial on the ground that the trial court erred in admitting prejudicial evidence. The appeal

is taken from the order for judgment and the order denying appellant's request for a new trial. We affirm in part, reverse in part, and remand for a new trial.

The source of this litigation is an accident that occurred on April 19, 1977, while appellant was engaged in his employment as a truck driver. Appellant had picked up a semi-trailer at one of respondent's depots for transport to Savage, Minnesota. The trailer had been partially unloaded by respondent's employees but still contained a large piece of equipment for delivery to Savage.

After arriving in Savage, appellant stood inside the trailer while the heavy equipment was being unloaded. During the course of the unloading, appellant allegedly tripped on a dunnage nail imbedded in the floor of the trailer, fell against the wall and floor of the trailer, and was injured. Appellant initiated this action, claiming that respondent was negligent in failing to remove the nail and that such negligence caused his injuries.

Prior to trial, appellant stated in a deposition that his name was Richard King, that his birth date was December 25, 1940, and that he had never been married. Approximately one week before trial, appellant informed his attorney that he did not state the above facts accurately. Appellant had changed his name informally 15 years earlier, after he had been convicted of child abandonment in 1960 and of second-degree larceny in 1954. Appellant also changed his date of birth from June 15, 1931 to December 25, 1940. He accomplished the informal name and age changes by applying for and receiving a new Social Security number. The purported reason for the changes was to avoid accounting to prospective employers for his criminal record and the years spent in prison.

The trial court denied a pretrial motion by appellant to suppress evidence of the name and age changes and the criminal convictions. The jury returned a verdict in favor of respondent, and this appeal follows the denial of appellant's post-trial motions.

The principal issues presented for our consideration are as follows: [1]

1. Did the trial court err in admitting evidence as to appellant's name change and erroneous date of birth?

2. Did the trial court err in admitting evidence as to appellant's prior convictions?

1. Appellant did testify falsely at a sworn deposition as to his name, age, and marital status. At trial, these facts were introduced to impeach appellant's credibility.[2]

Except for several special evidentiary rules governing impeachment which are not applicable here,[3] the scope of impeachment is governed primarily by the relevancy requirements of Minn.R.Evid. 403. *See* 11 Thompson, Minnesota Practice, Evidence § 607.01 (1979).

■ The fact that appellant had lied under oath prior to trial should be considered a relevant fact that bears on his credibility as a witness. Appellant's credibility in this case was especially crucial, as the accident that led to this litigation occurred when appellant was alone in the trailer and was not observed by anyone.

The trial court is affirmed on this issue.

2. Minn.R.Evid. 609(b) imposes a 10-year time limit on the use of past convictions for impeachment purposes. The rule permits the use of convictions older than 10 years only when "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

---

1. The other issues raised by appellant are without merit and do not require discussion.

2. This testimony was also elicited by appellant's counsel on direct examination of his client with the express reservation of the objection to its intended use by respondent.

3. *See* Minn.R.Evid. 608 (impeachment by character evidence); *id.* 609 (impeachment by prior convictions); *id.* 613 (notice requirements for impeachment by prior inconsistent statements).

The policy behind the 10-year limit reflects a concern for the relevancy of older convictions and the potential prejudice that may result from the use of such evidence. In the 1977 Advisory Committee Comment to Rule 609(b), the drafters stated that the 10-year limitation "is based on the assumption that after such an extended period of time the conviction had lost its probative value on the issue of credibility." Convictions older than 10 years are admissible only under unusual circumstances. Neither the trial court in its memo nor respondent have suggested the existence of peculiar circumstances that would justify the admission of these stale convictions.

 Given the considerable age of the convictions in this case and the lack of any special circumstances that would warrant the admission of such evidence, we believe the trial court erred in permitting the convictions to be used for impeachment. Our review of the record also indicates that the use of the convictions significantly prejudiced appellant's case. Because of the prejudice that resulted from the trial court's error, its decision is reversed and the case is remanded for a new trial.

Affirmed in part, reversed in part, and remanded for a new trial.