STATE OF MINNESOTA

IN SUPREME COURT

A14-0275

Court of Appeals                                                          Anderson, J.
                                                              Dissenting, Lillehaug, J.
Jane Doe 136,                                                 Took no part, Hudson, J.

            Appellant,

vs.                                                           Filed:  December 30, 2015
                                                              Office of Appellate Courts

Ralph Liebsch,

            Respondent.

_____

Jeffrey R. Anderson, Gregg Meyers, Michael G. Finnegan, Jeff Anderson & Associates, PA, Saint Paul, Minnesota, for appellant.

James T. Martin, Julian C. Janes, Gislason, Martin, Varpness & Janes, PA, Edina, Minnesota, for respondent.

Darrell L. Heckman, Harris, Meyer, Heckman & Denkewalter, LLC, Urbana, Ohio, for amicus curiae National Center for Victims of Crime.

_____

S Y L L A B U S

The district court did not abuse its discretion by concluding that the probative value of respondent's *Alford* plea was substantially outweighed by its danger of unfair prejudice and confusion of the issues, and therefore evidence of the *Alford* plea was

properly excluded under Minn. R. Evid. 403 in a subsequent civil trial based on the same course of conduct as the criminal matter.

Affirmed.

O P I N I O N

ANDERSON, Justice.

The question presented by this case is whether the district court abused its discretion when it excluded evidence of an *Alford* plea entered during a previous criminal proceeding regarding the same course of conduct from being considered in a subsequent civil trial. The civil jury found respondent Ralph Liebsch not liable for sexual assault and battery against appellant Jane Doe 136. The court of appeals affirmed. Because we conclude that the district court acted within its discretion, we affirm.

Doe first encountered Liebsch in the summer of 2000, when Doe was 7 years old. At that time, Liebsch owned a largely unimproved lot on White Bear Lake that was adjacent to Doe's childhood home. Doe's childhood friend and former neighbor testified that Liebsch spent more time than usual at his lot that summer to repair storm damage to the roof of his garage. Doe's friend testified that he saw Liebsch kiss Doe on the lips. That summer, Doe also told her friend that Liebsch "put his tongue in her mouth and it was gross." Four years later, Doe disclosed to two of her cousins that Liebsch "had touched her vagina and fingered her, used his fingers to touch her and it hurt, and he kissed her on the lips." Over the next few years, one of the cousins urged Doe to tell somebody about the alleged assault. Doe eventually reported the assault to her parents in 2008.

2

In June 2008 investigators from the White Bear Lake Police Department questioned Liebsch regarding the alleged sexual assault, and Liebsch denied any involvement or knowledge. A few months later, Liebsch was charged with first- and second-degree criminal sexual conduct, Minn. Stat. §§ 609.342, subd. 1, 609.343, subd. 1(a) (2014). Liebsch pleaded not guilty, and the case proceeded to trial. On the second day of trial, the district court declared a mistrial when Doe's mother suggested that Liebsch had previously committed sexual misconduct.

Prior to a second trial, in January 2010, Liebsch pleaded guilty to fifth-degree criminal sexual conduct, Minn. Stat. § 609.3451, subd. 1 (2014),[1] and the State dismissed the felony criminal sexual conduct charges. As permitted by *North Carolina v. Alford*, 400 U.S. 25 (1970), Liebsch's plea did not include an admission of guilt. Instead, Liebsch admitted that, "if the jury were to believe the witnesses in this case, . . . there's a reasonable probability that [he] might be found guilty." The district court clarified that Liebsch was "not admitting to the facts" supporting his guilt, but rather was admitting "there's a reasonable likelihood that [he] might be found guilty." The court accepted Liebsch's plea "pursuant to the Alford case" and concluded that "the facts . . . substantiate the case as is required under the Alford case." Liebsch later stated that he entered the plea in order to "avoid the risk of significant jail time and a large fine, the anguish and expense of another trial," and to obtain "closure on a painful ordeal."

---

[1]     Because Liebsch had no prior convictions for criminal sexual conduct within the previous 7 years, he was convicted of a gross misdemeanor rather than a felony. *See* Minn. Stat. § 609.3451, subds. 2-3 (2014).

3

Doe sued Liebsch in February 2011, alleging that he committed sexual battery and sexual abuse based on the conduct that gave rise to the criminal charges. The complaint alleged that Liebsch "pled guilty to criminal sexual conduct in the 5th degree." In his answer, Liebsch admitted entering a guilty plea, but denied all allegations that he committed sexual abuse. Prior to the start of trial, Liebsch brought a motion in limine to prevent Doe from introducing evidence of the *Alford* plea. Doe opposed the motion, arguing that the court should allow the *Alford* plea to be introduced into evidence, and that Liebsch could then explain why he entered the plea.[2]

The district court granted Liebsch's motion under Minn. R. Evid. 403. The court noted that a defendant may have several reasons for pleading guilty while maintaining innocence, such as "avoid[ing] the possibility of a longer prison sentence" and "avoid[ing] . . . civil liability." The court excluded evidence of the *Alford* plea because it "contains an admission by [Liebsch] only that a jury might find him guilty," and therefore "any mention of the *Alford* plea would be substantially more prejudicial to [Liebsch] than probative to [Doe]'s case."

The civil case proceeded to a jury trial. During his direct examination, Liebsch testified that he always denied that he sexually abused Doe. Doe's counsel argued that this statement "open[ed] the door . . . to talk about the Alford plea." The district court concluded that Liebsch's statement did not contradict his *Alford* plea because the plea did

---

[2]    Doe also argued that Liebsch's *Alford* plea should prevent him from denying the sexual abuse under the doctrine of collateral estoppel. The district court concluded that collateral estoppel did not apply. Doe did not appeal that decision, and therefore we do not address it.

4

not include an admission of the facts that establish guilt. Later, during closing arguments, Liebsch's counsel asserted that Doe introduced no evidence that contradicted Liebsch's version of the relevant events. The jury found Liebsch not liable for sexual assault and battery, and the district court denied Doe's motion for a new trial. The court of appeals affirmed, concluding that the district court did not abuse its discretion when it balanced the *Alford* plea's limited probative value against its danger of unfair prejudice and confusion of the issues. *Doe v. Liebsch*, 856 N.W.2d 699, 703-04 (Minn. App. 2014).

I.

First, we determine whether the district court abused its discretion when it excluded the use of Liebsch's *Alford* plea as substantive evidence under Minn. R. Evid. 403. We afford the district court broad discretion when ruling on evidentiary matters, and we will not reverse the district court absent an abuse of that discretion. *Peterson v. BASF Corp.*, 711 N.W.2d 470, 482 (Minn. 2006). "[B]y their very nature, evidentiary rules demand a case by case analysis, an analysis best left to the trial judge familiar with the 'setting' of the case." *Benson v. N. Gopher Enters., Inc.*, 455 N.W.2d 444, 446 (Minn. 1990). But the erroneous exclusion of evidence is grounds for a new trial unless the exclusion was harmless. *See Becker v. Mayo Found.*, 737 N.W.2d 200, 214 (Minn. 2007).

A.

An *Alford* plea is a plea in which "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison

5

sentence" while not admitting guilt. *Alford*, 400 U.S. at 37. An *Alford* plea is an appealing resolution for defendants who, despite maintaining their innocence, have "nothing to gain by a trial and much to gain by pleading," such as avoiding a harsher sentence. *Id.* Because an *Alford* plea does not rely on an admission of guilt, the record must contain "strong evidence of actual guilt." *Id.*; *see* 5 Wayne R. LaFave et al., *Criminal Procedure* § 21.4(f), at 846-47 (3d ed. 2007) ("[T]he factual basis must be significantly more certain than will suffice in other circumstances.").

We formally adopted the use of *Alford* pleas in *State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977), holding that:

> "[A] trial court may accept a plea of guilty by an accused even though the accused claims he is innocent if the court, on the basis of its interrogation of the accused and its analysis of the factual basis offered in support of the plea, reasonably concludes that there is evidence which would support a jury verdict of guilty and that the plea is voluntarily, knowingly, and understandingly entered."

Because the accuracy of a plea may be at issue when the defendant does not admit guilt, we have recommended that district courts "have the defendant specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty of the offense to which he is pleading guilty." *State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007); *see Goulette*, 258 N.W.2d at 761 (stating that a district court "should not cavalierly accept" an *Alford* plea without verifying that the factual basis for the plea is strong).

6

A conviction based upon an *Alford* plea generally carries the same penalties and collateral consequences as a conventional guilty plea. 5 LaFave et al., *supra*, § 21.4(f), at 848-49; *see, e.g.*, *Burrell v. United States*, 384 F.3d 22, 31 (2d Cir. 2004) (admitting a conviction obtained via an *Alford* plea as evidence of a prior felony conviction under the federal felon-in-possession statute); *Blohm v. Comm'r*, 994 F.2d 1542, 1554 (11th Cir. 1993) (concluding that a conviction for tax evasion based on an *Alford* plea collaterally estopped the defendant from denying tax liability); *People v. Miller*, 694 N.E.2d 61, 64 (N.Y. 1998) (allowing the prosecution to cross-examine the defendant about a previous *Alford* plea for impeachment purposes); *Armenakes v. State*, 821 A.2d 239, 242 (R.I. 2003) (noting that a conviction obtained via an *Alford* plea "may be used later for any legitimate purpose, including sentencing factors and enhancement, impeachment, and in collateral proceedings, such as deportation.").

B.

The district court excluded the use of Liebsch's *Alford* plea as substantive evidence under Minn. R. Evid. 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence has probative value "when it, in some degree, advances the inquiry." *State v. Schulz*, 691 N.W.2d 474, 478 (Minn. 2005). This probative value is balanced against the "unfair advantage that results from the capacity of the evidence to persuade by illegitimate means." *State v. Cermak*, 365 N.W.2d 243, 247 n.2 (Minn. 1985) (quoting 22 C. Wright & K. Graham, *Federal*

7

*Practice and Procedure—Evidence* § 5215 (1978)); *see also State v. Bott*, 310 Minn. 331, 338 n.3, 246 N.W.2d 48, 53 n.3 (1976) (" 'Unfair prejudice' includes an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (quoting Fed. R. Evid. 403, advisory comm.ttee's note)).

The question of whether evidence of an *Alford* plea is admissible in a subsequent trial is a matter of first impression in Minnesota. Courts in other jurisdictions have split on whether Rule 403 precludes admission of evidence of an *Alford* plea in a subsequent *criminal* trial. *Compare United States v. In*, No. 2:09CR00070 DS, 2010 WL 2869108, at *2 (D. Utah July 20, 2010) (admitting evidence of a conviction obtained via an *Alford* plea to prove past felony conviction under the felon-in-possession statute), *and State v. Barkley*, 551 S.E.2d 131, 137 (N.C. Ct. App. 2001) (admitting evidence of an *Alford* plea to prove commission of similar crime), *with United States v. Elizondo*, 277 F. Supp. 2d 691, 701-03 (S.D. Tex. 2002) (excluding evidence of an *Alford* plea because it lacked probative value as to whether the defendant had knowledge of the facts establishing guilt), *and United States v. Hawley*, 562 F. Supp. 2d 1017, 1054 (N.D. Iowa 2008) (concluding that *Alford* pleas of co-conspirators lacked probative value under the residual hearsay exception, Fed. R. Evid. 807, because the pleas were "not necessarily admissions of guilt or admissions to certain facts, only admissions that the government can prove certain facts"). We are unaware of any case in which a party sought admission of an *Alford* plea in a subsequent *civil* trial based on the same course of conduct as the criminal matter.

8

The district court found that evidence of Liebsch's *Alford* plea contained little, if any, probative value. The court noted that "the only real admission by [Liebsch] is that a jury might find him guilty if [it] chose to find credible the testimony of witnesses which was never presented to [it]." A conventional guilty plea, by contrast, requires a defendant to admit the conduct to which he or she is accused of committing. *See Goulette*, 258 N.W.2d at 760; *see also* 30B Michael H. Graham, *Federal Practice and Procedure— Evidence* § 7017, at 178 (3d interim ed. 2000) ("The plea of guilty is offered not to prove that essential facts have been previously found to exist but rather to prove that the offender admitted facts constituting guilt."). Moreover, Doe could—and did—present testimony regarding the facts surrounding Liebsch's alleged conduct; the court excluded only Liebsch's admission that the facts were sufficient to support a guilty verdict.

The district court also found that evidence of Liebsch's *Alford* plea had the capacity to "persuade by illegitimate means." *See Cermak*, 365 N.W.2d at 247 n.2. The court stated that "any mention of the *Alford* plea would be substantially more prejudicial to [Liebsch] than probative to [Doe]'s case," because Liebsch admitted only that "a jury might find him guilty," and the jury in Doe's civil case would likely fail to understand the difference between conventional and *Alford* guilty pleas.

Doe argues that evidence of Liebsch's *Alford* plea would not result in prejudice because Liebsch knowingly, voluntarily, and intelligently entered the plea, and he did so after consultation with counsel. Liebsch's mental state when he entered the plea is irrelevant, however, for determining whether evidence of the *Alford* plea would unfairly prejudice Leibsch under Rule 403. Instead, among other things, we look to whether the

9

"evidence will be used by the jury for an improper purpose." *State v. Bolte*, 530 N.W.2d 191, 197 (Minn. 1995). Evidence that Liebsch entered an *Alford* plea may confuse and distract the jury,[3] thereby causing undue prejudice, regardless of whether Liebsch entered the plea deliberately and with advice from counsel.

Doe further argues that excluding evidence of an *Alford* plea under Rule 403 ignores a 100-year-old practice of admitting evidence of a guilty plea in a subsequent civil case. We have held that evidence that a party has entered a guilty plea is generally admissible in a subsequent civil trial regarding the same course of conduct. *See, e.g.*, *Glens Falls Grp. Ins. Corp. v. Hoium*, 294 Minn. 247, 251, 200 N.W.2d 189, 191-92; *Jankowski v. Clausen*, 167 Minn. 437, 440, 209 N.W. 317, 318 (1926); *Wischstadt v. Wischstadt*, 47 Minn. 358, 359, 50 N.W. 225, 225 (1891).[4] But we have never stated that a district court *must* admit a guilty plea as evidence in a subsequent civil matter. In

---

[3]    The dissent takes particular issue with this point, arguing that we routinely ask Minnesota juries to consider complex and difficult questions. Although the dissent is no doubt correct, deciding which facts or issues could confuse the jury—and whether that risk of confusion is necessary to the adjudication of the case—is a function that rests soundly within the discretion of the trial court. In this case, we cannot say that the trial court abused its discretion when it concluded that evidence of Liebsch's *Alford* plea would create a significant risk of jury confusion and prejudice while providing little probative value.

[4]    A guilty plea is an out-of-court statement offered to prove the truth of the matter asserted (i.e., it is hearsay). Prior to our adoption of the Minnesota Rules of Evidence, we allowed evidence of a guilty plea as an "admission against interest." *Hoium*, 294 Minn. at 251, 200 N.W.2d at 192. *But see* Minn. R. Evid. 804(b)(3) (providing that an out-of-court statement against interest is admissible *only* if the declarant is unavailable). Evidence of a guilty plea entered by a party opponent is now admissible under Minn. R. Evid. 801(d)(2)(A).

10

*Wischstadt*, the district court admitted evidence of a guilty plea for larceny in a subsequent slander suit based on the same conduct. 47 Minn. at 359, 50 N.W. at 225. We affirmed, stating that the guilty plea "was an admission that defendant spoke the words charged in the warrant." *Id.* By contrast, the district court found that Liebsch's *Alford* plea included no admission of facts establishing guilt, and therefore it lacked the probative value typically found in a conventional guilty plea.

Moreover, none of the cases cited by Doe involved Minn. R. Evid. 403, and we have never held that evidence of a guilty plea is exempt from Rule 403's balancing test.[5] The district court enjoys broad discretion to determine whether to admit evidence under

---

[5] At oral argument, Doe's counsel urged us to consider cases in which a defendant who entered an *Alford* plea was subject to the same consequences as though he had entered a conventional guilty plea. *See State v. Soto*, 855 N.W.2d 303 (Minn. 2014); *Northwest v. LaFleur*, 583 N.W.2d 589 (Minn. App. 1998), *rev. denied* (Minn. Nov. 17, 1998). But these cases merely demonstrate that an *Alford* plea carries the same consequences as a conventional guilty plea when calculating the defendant's sentence or determining treatment requirements during imprisonment. They do not inform the decision of whether to admit evidence of an *Alford* plea under Minn. R. Evid. 403.

Amicus curiae National Center for Victims of Crime also cites three cases in which evidence of an *Alford* plea was admitted into evidence. *See Blohm v. Comm'r*, 994 F.2d 1542, 1554 (11th Cir. 1993) (concluding that the defendant's conviction for tax evasion based on an *Alford* plea collaterally estopped the defendant from denying tax liability); *Harden v. State Farm Fire & Cas. Co.*, 605 S.E.2d 37, 38 (Ga. Ct. App. 2004) (concluding that *Alford* plea created a rebuttable presumption that an insurance company had no duty to provide coverage or defend in a subsequent civil suit); *People v. Miller*, 694 N.E.2d 61, 64 (N.Y. 1998) (allowing impeachment of the defendant based on a previous conviction based on an *Alford* plea). In none of the cases did the court examine whether the probative value of the *Alford* plea was outweighed substantially by its danger of unfair prejudice and confusion of the issues. Further, none of the cases involved a private civil action based on the same course of conduct, so evidence of the *Alford* plea may have been less prejudicial. The proffered cases are therefore unpersuasive.

11

Rule 403. *Schulz*, 691 N.W.2d at 477. That discretion may extend to a decision to exclude evidence of a conventional guilty plea, if the probative value of the plea is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* at 478 (quoting Minn. R. Evid. 403). Here, the district court found that Liebsch's *Alford* plea contained little if any probative value. Simultaneously, the district court found that there was a significant risk that the jury would be confused and Liebsch would be prejudiced if evidence of the *Alford* plea was admitted. On this record, we cannot say that the district court abused its discretion by declining to admit Liebsch's *Alford* plea under Rule 403.[6]

## II.

Next, Doe argues that the district court should have admitted Liebsch's answer to the complaint, in which he admitted to entering a guilty plea, to impeach Liebsch's testimony that he has always denied sexually abusing Doe. A party generally may impeach a witness with a prior contradictory statement. *O'Neill v. Minneapolis St. Ry. Co.*, 213 Minn. 514, 520, 7 N.W.2d 665, 669 (1942); *see also Bowe v. Fredlund*, 295 Minn. 103, 105, 203 N.W.2d 327, 329 (1972) ("[A]llegations in a pleading which are in the nature of admissions are admissible for impeachment purposes where they tend to contradict the testimony of a party."). These statements are admitted for impeachment purposes, notwithstanding their inadmissibility for other purposes, because "the witness'

---

[6] We leave for another day consideration of admission of *Alford* pleas under other circumstances.

12

prior version shows that he spoke erroneously either when he gave the prior statement or when he testified." *O'Neill*, 213 Minn. at 520, 7 N.W.2d at 669.

But impeachment evidence, like substantive evidence, is subject to the requirements of Minn. R. Evid. 403. *King v. All-Am., Inc.*, 309 N.W.2d 62, 63 (Minn. 1981) (citing 11 Peter N. Thompson, *Minnesota Practice—Evidence* § 607.01, at 432 (1979)). As in other contexts, the district court has broad discretion when deciding whether to exclude impeachment evidence under Rule 403. *See generally Peterson v. BASF Corp.*, 711 N.W.2d 470, 482 (Minn. 2006) (stating that the district court has broad discretion when ruling on evidentiary matters). We must therefore determine whether evidence of Liebsch's *Alford* plea has additional probative value, or would cause less prejudice, when admitted to impeach Liebsch's testimony such that the district court's decision to exclude the evidence amounted to an abuse of discretion.

Liebsch testified that he has denied allegations of sexual abuse "any time anybody has asked [him]." During closing argument, Liebsch's counsel stated that Doe presented no evidence "that called into question any of the things that are at issue in this case" or refuted Liebsch's version of the relevant events. Doe argues that these statements contradict Liebsch's admission that he entered a guilty plea, and therefore she should have been permitted to introduce the admission as impeachment evidence.

The district court noted that Liebsch's admission in the answer, like Liebsch's *Alford* plea, "[does] not constitute an admission of the underlying facts of this matter." The court therefore concluded that the admission was consistent with Liebsch's testimony, which "did still deny that he committed the acts." Importantly, Liebsch

13

never denied that he entered an *Alford* plea. Consistent with his *Alford* plea, Leibsch only denied the facts establishing guilt. We therefore conclude that the district court acted within its discretion when it did not allow Liebsch's *Alford* plea to be admitted for impeachment purposes.[7]

Affirmed.

HUDSON, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[7] The same arguments that support a finding that Liebsch's testimony did not contradict his *Alford* plea also support a finding that the statement Liebsch's counsel made during closing argument did not contradict Liebsch's *Alford* plea. Critically, neither the testimony nor the statement in closing arguments denied that Liebsch entered an *Alford* plea. The statement in closing arguments was consistent with Liebsch's *Alford* plea and thus the district court did abuse its discretion by denying Doe the opportunity to impeach Liebsch with evidence of his *Alford* plea.

D I S S E N T

LILLEHAUG, Justice (dissenting).

For almost 40 years we have allowed Minnesota defendants to plead guilty to crimes while they simultaneously deny their guilt—by what we know as *Alford* pleas. Whatever the wisdom of that judicial policy, it has been black-letter law that an *Alford* plea may be used for the same purposes as a conventional guilty plea. But today, in a subsequent civil suit based on the same incident of alleged criminal sexual conduct, the court departs from this rule of law, prompting my respectful dissent. Because the district court fundamentally erred on the legal effect of an *Alford* plea, thereby keeping the civil jury in the dark about the defendant's guilty plea and criminal conviction, the court of appeals' decision should be reversed and the case remanded.

I.

In 2008, Ralph Joseph Liebsch was charged with first- and second-degree criminal sexual conduct under Minn. Stat. §§ 609.342, subd. 1(a), 609.343, subd. 1(a) (2014). The complaint alleged that a girl, age 7 or 8 at the time of the conduct, was the victim. Now she is the plaintiff (Doe 136) in this civil case.

With the advice of experienced criminal defense counsel, Liebsch resolved the criminal charges with a guilty plea to one count of criminal sexual conduct in the fifth degree under Minn. Stat. § 609.3451, subd. 1 (2014), a gross misdemeanor. His guilty plea was an *Alford* plea, entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977). Under *Alford* and *Goulette*, a guilty plea may be entered and accepted if the defendant "agrees that evidence the State

D-1

is likely to offer at trial is sufficient to convict" and the district court independently determines that there is a strong factual basis to sustain a jury's verdict of guilty beyond a reasonable doubt. *State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007).

As part of the plea proceeding, and as required by Rule 15 of the Minnesota Rules of Criminal Procedure, Liebsch submitted a "Petition to Enter Plea of Guilty in Felony or Gross Misdemeanor." The petition shows that Liebsch intended to enter an *Alford* plea. In the petition Liebsch represented: "I now make no claim that I am innocent."[1]

After Liebsch's plea was accepted and he was convicted, the victim sued Liebsch for sexual assault and battery. The district court granted Liebsch's motion in limine to exclude all evidence of Liebsch's guilty plea, including the petition. The court made its decision under Rule 403 of the Minnesota Rules of Evidence, which allows relevant evidence to be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."

## II.

A district court's Rule 403 ruling is reversible only for an abuse of discretion, and that discretion is broad. *Peterson v. BASF Corp.*, 711 N.W.2d 470, 482-83 (Minn. 2006) (citing *State v. Steward*, 645 N.W.2d 115, 120 (Minn. 2002)). By excluding all evidence of Liebsch's guilty plea to the charge of criminal sexual conduct, the district court abused its broad discretion in two ways. First, as a matter of law, the district court

---

[1] During the plea proceeding, both Liebsch and his attorney confirmed that they had "reviewed each and every paragraph" of the petition, and that the attorney had "read it out loud to you as we went through it together." Liebsch, his attorney, the prosecutor, and the court all agreed that Liebsch was entering an *Alford* plea.

mischaracterized the legal effect and probative value of Liebsch's guilty plea. Second, the district court greatly exaggerated the purported danger of prejudice, confusion, or misleading effect. Thus, the Rule 403 balancing became fundamentally unbalanced.

On the first prong of Rule 403, the probative value of the evidence, the district court's erroneous legal analysis started with its observation that an *Alford* plea is "*technically* a guilty plea" (emphasis added). This label profoundly understates the purpose and legal effect of an *Alford* plea. An *Alford* plea is a *real* guilty plea for all legal purposes. As the majority acknowledges, a conviction based upon an *Alford* plea generally carries the same penalties and collateral consequences as a conventional guilty plea. *See* 5 Wayne R. LaFave et al., *Criminal Procedure* § 21.4(f), at 848-49 (3d ed. 2007). Indeed, when properly entered, an *Alford* plea is often supported by an even stronger factual basis than a conventional guilty plea. *See id.* at 846-47.[2] By considering Liebsch's *Alford* plea only "technical," and excluding all evidence of that plea, the district court exempted Liebsch from a collateral consequence: jury consideration of Liebsch's guilty plea in a civil suit based on the same alleged sexual misconduct.

By its ruling, the district court kept from the jury highly probative evidence. Although we have not considered the issue, the weight of authority from other jurisdictions holds that an *Alford* plea is not just probative, but is admissible for issue preclusion in a civil case based on the conduct underlying the plea. *See Blohm v.*

---

[2]     *State v. Goulette* "emphasize[d]" that it is "absolutely crucial" that an *Alford*-type plea not be "cavalierly accepted," and that "the factual basis requirement would appear to be essential." 258 N.W.2d at 761.

*Comm'r*, 994 F.2d 1542, 1555 (11th Cir. 1993); *Graybill v. U.S. Postal Serv.*, 782 F.2d 1567, 1573 n.1 (Fed. Cir. 1986); *Cortese v. Black*, 838 F. Supp. 485, 494 (D. Colo. 1993); *United States v. Krietemeyer*, 506 F. Supp. 289, 292 (S.D. Ill. 1980); *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 23 (Iowa 2012); *Mitchell v. Dillard Dep't Stores, Inc.*, 772 So. 2d 733, 736 (La. Ct. App. 2000); *Merchants Mut. Ins. Co. v. Arzillo*, 98 A.2d 495, 505 (N.Y. App. Div. 1984); *Zurcher v. Bilton*, 666 S.E.2d 224, 227 (S.C. 2008); *McEwan v. State*, 314 P.2d 1160, 1165 n.4 (Wyo. 2013). *But see Hemphill v. Pollina*, 400 S.W.3d 409, 415 (Mo. Ct. App. 2013); *Parson v. Carroll*, 636 S.E.2d 452, 455 (Va. 2006); *In re Cross*, 309 P.3d 1186, 1190 (Wash. 2013); *Clark v. Baines*, 84 P.3d 245, 251 (Wash. 2004). If an *Alford* plea, like a conventional guilty plea, may be dispositive on guilt or civil liability, most certainly it is highly probative.

Further, both the Rules of Criminal Procedure and the Rules of Evidence indicate the probative value of a guilty plea, whether under *Alford* or otherwise. Minnesota Rules of Criminal Procedure 15.06 provides that guilty pleas not accepted or withdrawn, and related evidence of them, are inadmissible in any criminal, civil, or administrative proceeding. The implication is that accepted guilty pleas are admissible. Minnesota Rule of Evidence 410 is to the same effect. Neither rule exempts accepted guilty pleas, whether *Alford* or otherwise.[3] This only makes sense, as an *Alford* plea has the same consequences as a conventional plea.

---

[3]     Rule 410 also excludes evidence of pleas of nolo contendre. The reference is to nolo pleas from other jurisdictions, as Minnesota does not allow nolo pleas. *See* Minn. R. Crim. P. 1401; Minn. R. Evid. 410 comm. cmt.—1977. Unlike a nolo plea, *Alford* pleas

(Footnote continued on next page.)

Liebsch's guilty plea was particularly probative in this case. Whether or not the plea would have precluded relitigating the issue of Liebsch's liability,[4] Liebsch's conviction was at least strong evidence of liability in tort. Further, at trial, Liebsch took the stand and testified that he had always denied that he sexually abused the plaintiff. On cross-examination, plaintiff's counsel should have been allowed to require Liebsch to explain to the jury how he reconciled that testimony with his guilty plea to a charge of criminal sexual conduct, which included a representation to the court that he made no further claim of innocence. The jury might well have considered the guilty plea petition, combined with Liebsch's explanation and demeanor, to be highly probative.

Not only did the district court profoundly mischaracterize the *Alford* plea, it also dramatically overstated the danger of prejudice and confusion that would have resulted had the jury been allowed to learn about Liebsch's guilty plea and conviction. I particularly take issue with the court of appeals' statement, when it affirmed the district court, that a jury "might fail to fully comprehend or appreciate the nature of an *Alford* plea, which is a subject usually reserved to persons with legal training." *Doe v. Liebsch,*

---

(Footnote continued from previous page.)
are accepted only after inquiry into actual guilt, so they should be accepted as standard guilty pleas for purposes of Rule 410. *See Dixon v. State*, 524 S.E.2d 734 (Ga. Ct. App. 1999) (holding *Alford* plea admissible in burglary prosecution); *United States v. In*, No. 2:09CR00070 DS, 2010 WL 2869108 (D. Utah 2010) (holding *Alford* plea admissible in prosecution for felon in possession of firearm).

[4]     Doe 136 did not appeal the district court's decision that the *Alford* plea was not preclusive on liability.

856 N.W.2d 699, 703 (Minn. App. 2014). This implies that evidence of an *Alford* plea is categorically prejudicial and confusing to lay people.

I grant that any reasonable lay person might be perplexed and perhaps troubled by the concept that a charge of criminal sexual conduct by penetration of a child may be resolved with an *Alford* plea, which allows the defendant to continue to deny that the conduct happened. But the *Alford* plea exists and is used regularly in our courts, including in criminal sexual conduct cases. We expect the defendants themselves and their alleged victims, most without legal training, to understand the essentials of *Alford* pleas. Why shouldn't jurors, properly instructed, be able to do the same?

By assuming that Minnesota juries simply can't understand, will give undue weight to, or will be "distracted" by an *Alford* plea, we give jurors too little credit. Juries in both criminal and civil cases routinely consider and decide the most tangled and difficult disputes, sometimes involving scientific and technical issues that vex experts. *See, e.g., Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149 (Minn. 1982) (where a jury was required to consider several different explanations for the mechanical failure of a dump truck's tailgate and hoist system, and apportion liability among five parties). And yet, the court of appeals asserts, and the court implies, that even properly instructed jurors just won't be able to understand the deep, dark mystery of an *Alford* plea. I disagree.

In this case, by excluding all evidence of the guilty plea, the district court left the jury in the dark. At several points in the trial, the jurors learned that Liebsch had been

investigated, but they were not allowed to learn the legal result of that investigation.[5]  If there was any risk of prejudice, confusion, or distraction in this case, it came from the jury having only half the story.

Therefore, the district court's Rule 403 analysis was fundamentally flawed and unbalanced.  When they involve the same incident or transaction at issue in the civil case, *Alford* guilty pleas are not "technical," but are probative and perhaps even dispositive.  Properly instructed, juries can understand, and should be allowed to consider, *Alford* pleas.

As the district court's ruling was erroneous and was objected to, I must next consider whether the ruling constitutes prejudicial error entitling Doe to a new trial.  *See City of Moorhead v. Red River Valley Co-op. Power Ass'n*, 830 N.W.2d 32, 39-40 (Minn. 2013).  An erroneous evidentiary ruling is prejudicial if it might reasonably have influenced the jury and changed the result of the trial.  *George v. Estate of Baker*, 724 N.W.2d 1, 9 (Minn. 2006).  For the reasons I have already discussed, I conclude that the error was prejudicial.

---

[5]     In closing, Liebsch's attorney specifically linked the fact that there had been an investigation to his argument that the plaintiff's attorney did not impeach Liebsch:  "You learned that Mr. Liebsch in due course was interviewed by an investigator and that the interview lasted for an hour.  And then you heard and saw Mr. Liebsch take the witness stand here.  You did not hear a single question put to Mr. Liebsch by Mr. Meyers that called into question any of the things that are at issue in this case, you heard the issue about the property line dispute, but there was no impeaching evidence.  And you heard instruction just now about impeachment.  A person had said one thing on one occasion and said something different on another.  That's called impeaching evidence.  Nothing.  Nothing."

Accordingly, I respectfully dissent. The court should have reversed and remanded the case to the court of appeals to decide the remaining issue on appeal: whether the motion for a new trial was timely.