OPINION
ANDERSON, Justice.
The question-presented by this case is whether the district court abused its discretion when it excluded evidence of an Alford plea entered during a previous criminal proceeding regarding the same course of conduct from being considered in a subsequent civil trial. The civil jury found respondent Ralph Liebsch not liable for sexual assault and battery against appellant Jane Doe 136. The court of appeals affirmed. Because we conclude that the district court acted within its discretion, we affirm.
Doe first encountered Liebsch in the summer of 2000, when Doe was 7 years old. At that time, Liebsch owned a largely unimproved lot on White Bear Lake that was adjacent to Doe’s childhood home. Doe’s childhood friend and formér neighbor testified that Liebsch spent more time than usual at his lot that summer to repair storm damage to the roof of his garage. Doe’s friend testified that he saw Liebsch kiss . Doe on the lips. That summer, Dóe also told her friend that Liebsch “put his tongue in her mouth and it was gross.” Four years later, Doe disclosed to two of her cousins that Liebsch “had touched her vagina and fingered her, used his fingers to touch her and it hurt, and he kissed her on the lips.” Over the next few years, one *878 of the cousins urged Doe to tell somebody about the alleged assault. Doe eventually reported the assault to her parents in 2008.
In June. 2008 investigators from the White Bear Lake Police Department questioned Liebsch regarding the alleged sexual assault, and Liebsch denied any involvement or knowledge. A few. months later, Liebsch was charged with first- and second-degree criminal sexual conduct, Minn. Stat. §§ 609.342, subd. 1, 609.343, subd. 1(a) (2014). Liebsch pleaded not guilty, and the case proceeded to trial. On the second day of trial, the district court declared a mistrial when Doe’s mother suggested that Liebsch had previously committed sexual misconduct.
Prior to a second trial, in January 2010, Liebsch pleaded guilty to fifth-degree criminal sexual conduct, Minn.Stat. § 609.3451, subd. 1 (2014),[1] and the State dismissed the felony criminal sexual conduct charges. As permitted by North Carolina v. Alford, 400 U.S. 25, 91 S,Ct. 160, 27 L,Ed.2d 162 (1970), Liebsch’s plea did not include an. .admission of guilt. Instead, Liebsch admitted that, “if the jury were to believe the witnesses in this case, ... there’s a reasonable probability that [he] might be found guilty.” The district court clarified that Liebsch' was “not admitting to the facts” supporting his guilt, but rather was admitting “there’s a reasonable likelihood that [he] might be found guilty.” The court accepted Liebsch’s plea “pursuant to the Alford case” and concluded that “the facts ... substantiate the case as is required under the Alford case.” Liebsch later stated that he entered the plea in order to “avoid the risk of significant jail time and a large fine, the anguish and expense of another trial,” and to obtain “closure on a painful ordeal.”
Doe sued Liebsch in February 2011, alleging that he committed sexual battery and sexual abuse based on the conduct that gave rise to the criminal charges. The complaint alleged that Liebsch “pled guilty to criminal sexual conduct in the 5th degree.” In his answer, Liebsch admitted .entering a guijty plea, but denied all allegations that he committed sexual abuse. Prior to. the start of trial, Liebsch brought a motion in limine to prevent Doe from introducing evidence of the Alford plea. Doe opposed the motion, arguing that the court should allow the Alford plea to be introduced into evidence, and that Liebsch could then explain why. he entered the plea.[2] .
The district court granted Liebsch’s motion under Minn. R. Evid. 403. The court noted that a defendant may have several reasons for pleading guilty while maintaining innocence, such as “avoiding] the possibility of a longer prison sentence” and “avoiding] ... .civil liability.” The court excluded. evidence of the Alford plea because it ■ “contains an admission by [Liebsch] only that a jury might find him guilty,” and .therefore “any mention of the Alford plea would be substantially more prejudicial to [Liebsch] than probative to [Doe]’s case.” ,
The civil case proceeded to a jury trial. During his ' direct examination, Liebsch testified that "he always denied that he sexually abused Doe. Doe’s counsel argued *879 that this statement-“open[ed] the door ... to talk about the Alford plea.” The dis-1 trict court concluded that Liebsch’s states ment did not contradict his Alford plea because the plea did not include an admission of the facts that establish guilt. Later, during closing arguments, Liebsch’s counsel asserted that Doe introduced no evidence that contradicted Liebsch’s version of the relevant events. The jury-found Liebsch not liable for sexual assault and battery, and the district court denied. Doe’s motion for a'new trial. The court of appeals affirmed, concluding that the district court did not abuse its discretion when it balanced the Alford plea’s limited probative value against its danger of unfair prejudice and confusion of the issues. Doe v. Liebsch, 856 N.W.2d 699, 703-04 (Minn.App.2014).
I.
First, we determine whether the district court abused its discretion when it excluded the use of Liebsch’s Alford plea as substantive evidence under Minn. R, Evid, 403. We afford the district court broad discretion when ruling on evidentia-ry matters, and we will not reverse the district court absent an abuse of that discretion. Peterson v. BASF Corp., 711 N.W.2d 470, 482 (Minn.2006). “[B]y their very nature, evidentiary rules demand a case by case analysis, an analysis best left to the trial judge familiar with the ‘setting’ of the case.” Benson v. N. Gopher Enters., Inc., 455 N.W.2d 444, 446 (Minn.1990). But the erroneous exclusion of evidence is grounds for a new trial unless the exclusion was harmless. See Becker v. Mayo Found., 737 N.W.2d 200, 214 (Minn.2007).
A.
An Alford plea is a plea in which “[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence” while not admitting-guilt. Alford, 400 U.S. at 37, 91 S.Ct. 160. An Alford plea is an appealing resolution for defendants who, despite maintaining their innocence, have “nothing to gain by a trial and much to gain by pleading,’-’ such as avoiding a harsher sentence. Id. Because an Alford plea does not rely on an admission of guilt, the record must contain “strong evidence of actual guilt.” Id.; see 5 Wayne R. LaFave et al., Criminal Procedure § 21.4(f), at 846-47 (3d ed. 2007) (“[T]he factual basis must be significantly moré certain than will suffice in other circumstances.”).
We formally adopted the use of Alford pleas in State v. Goulette, 258 N.W.2d 758, 760 (Minn.1977), holding that:
“[A] trial court may accept a plea of guilty by an accused even though the accused claims he is innocent if the court, on the basis of its interrogation of the accused and its analysis of the factual basis offered in support of the plea, reasonably concludes that there is evidence which would support a jury verdict of guilty and that the plea is voluntarily, knowingly, and understandingly entered.”
Because the accuracy of a plea may be at issue when the, defendant does not admit guilt, we have recommended that district courts “have the defendant specifically acknowledge on the .record at the. plea hearing, that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty of the offense to which he is pleading guilty.” State v. Theis, 742 N.W.2d 643, 649 (Minn.2007); see Goulette, 258 N.W.2d at 761 (stating that a district court “should not cavalierly accept’-’ an Alford plea without verifying *880 that the factual basis for the plea is strong).
A conviction based upon an Alford plea generally carries the same penalties and collateral consequences as a conventional guilty plea. 5 LaFave et al., supra, § 21.4(f), at 848-49; see, e.g., Burrell v. United States, 384 F.3d 22, 31 (2d Cir. 2004) (admitting a conviction obtained via an Alford plea as evidence of a prior felony conviction under the federal felon-in-possession statute); Blohm v. Comm’r, 994 F.2d 1542, 1554 (11th Cir.1993) (concluding that a conviction for tax evasion based on an Alford plea collaterally estopped the defendant from denying tax liability); People v. Miller, 91 N.Y.2d 372, 670 N.Y.S.2d 978, 694 N.E.2d 61, 64 (1998) (allowing the prosecution to cross-examine the defendant about a previous Alford plea for impeachment purposes); Armenakes v. State, 821 A.2d 239, 242 (R.I.2003) (noting that a conviction obtained via an Alford plea “may be used later for any legitimate purpose, including sentencing factors and enhancement, impeachment, and in collateral proceedings, such as deportation.”).
B.
The district court excluded the use of Liebsch’s Alford plea as substantive evidence under Minn. R. Evid. 403, which provides that “evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Evidence has probative value “when it, in some degree, advances the inquiry.” State v. Schulz, 691 N.W.2d 474, 478 (Minn.2005). This probative value is balanced against the “unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.” State v. Cermak, 365 N.W.2d 243, 247 n. 2 (Minn.1985) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure — Evidence § 5215 (1978)); see also State v. Bott, 310 Minn. 331, 338 n. 3, 246 N.W.2d 48, 53 n. 3 (1976) (“ ‘Unfair prejudice’ includes an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.” (quoting Fed.R.Evid. 403, advisory comm. note)).
The question of whether evidence of an Alford plea is admissible in a subsequent trial is a matter of first impression in Minnesota. Courts in other jurisdictions have split on whether Rule 403 precludes admission of evidence of an Alford plea in a subsequent criminal trial. Compare United States v. In, No. 2:09CR00070 DS, 2010 WL 2869108, at *2 (D.Utah July 20, 2010) (admitting evidence of a conviction obtained via an Alford plea to prove past felony conviction under the felon-in-possession statute), and State v. Barkley, 144 N.C.App. 514, 551 S.E.2d 131, 137 (2001) (admitting evidence of an Alford plea to prove commission of similar crime), with United States v. Elizondo, 277 F.Supp.2d 691, 701-03 (S.D.Tex.2002) (excluding evidence of an Alford plea because it lacked probative value as to whether the defendant had knowledge of the facts establishing guilt), and United States v. Hawley, 562 F.Supp.2d 1017, 1054 (N.D.Iowa 2008) (concluding that Alford pleas of co-conspirators lacked probative value under the residual hearsay exception, Fed.R.Evid. 807, because the pleas were “not necessarily admissions of guilt or admissions to certain facts, only admissions that the government can prove certain facts”). We are unaware of any case in which a party sought admission of an Alford plea in a subsequent civil trial based on the same course of conduct as the criminal matter.
The district court found that evidence of Liebsch’s Alford plea contained *881 little, if any, probative value. The court note’d that “the only real admission by [Liebsch] is that a jury might find him guilty if [it] chose to find credible the testimony, of witnesses which was never presented to [it].” A conventional guilty plea, by contrast, requires a defendant to admit the conduct to which he or she is accused of - committing. See Goulette, 258 N.W.2d at 760; see also 30B Michael H. Graham, Federal Practice. and Procedure — Evidence § 7017,- at 178 (3d interim ed. 2000) (“The plea of guilty is offered not to prove that essential facts have been previously found to exist but rather to prove that the offender admitted facts constituting guilt.”). Moreover, Doe could— and did — present testimony regarding the facts surrounding Liebsch’s alleged conduct; the court excluded only Liebsch’s admission that thé facts were sufficient to support a guilty verdict.
The district court also found that evidence of Liebsch’s Alford plea had the capacity to “persuade by illegitimate means.” See Cermak, 365 N.W.2d at 247 n. 2. The court stated that “any mention of the Alford plea would be substantially more prejudicial to [Liebsch] than probative to [Doe]’s case,” because Liebsch admitted only that “a jury might find him guilty,” and the jury in Doe’s civil case would likely fail to understand the difference between conventional and Alford guilty pleas.
Doe ■ argues that evidence of Liebsch’s Alford plea would not result in prejudice because Liebsch knowingly, voluntarily, and intelligently entered the plea, and he did so after' consultation with counsel. Liebsch’s mental state when he entered the plea is irrelevant, however, for determining whether evidence of the Alford plea would unfairly prejudice Leibsch under Rule 403. Instead, among other things, we look to whether the “evidence will be used by the jury for an improper purpose,” State v. Bolte, 530 N.W.2d 191, 197 (Minn.1995). Evidence that Liebsch entered an Alford plea may confuse and distract the jury,[3] thereby causing undue prejudice, regardless of whether' Liebsch entered the plea deliberately and with advice from counsel.
Doe further argues that excluding evidence of an Alford plea under Rule 403 ignores a 100-year-old practice of admitting evidence of a guilty plea in a subsequent civil case. We have held that evidence that a party has entered a guilty plea is generally admissible in a subsequent civil trial regarding the same course of conduct. See, e.g., Glens Falls Grp. Ins. Corp. v. Hoium, 294 Minn. 247, 251, 200 N.W.2d 189, 191-92 (1972); Jankowski v. Clausen, 167 Minn. 437, 440, 209 N.W. 317, 318 (1926); Wischstadt v. Wischstadt, 47 Minn. 358, 359, 50 N.W. 225, 225 (1891).[4] *882 But we have never stated that a district court must admit a guilty plea as evidence in a subsequent civil matter. In Wis-chstadt, the district court admitted evidence of a guilty plea for larceny in a subsequent slander suit based on the same conduct. 47 Minn. at 359, 50 N.W. at 225. We affirmed, stating that the guilty plea “was an admission that defendant spoke the words charged in the warrant.” Id. By contrast, the district court found that Liebsch’s Alford plea included no admission of facts establishing guilt, and therefore it lacked ‘the probative value typically .found in a conventional guilty plea.
Moreover, none of the cases cited by Dpe involved Minn. R. Evid. 403, and we have never held that evidence of a guilty plea is exempt from Rule 403’s balancing test.[5] The district court enjoys broad discretion to determine whether to admit evidence under Rule 403. Schulz, 691 N.W.2d at 477. That discretion may extend to a decision to exclude evidence of a conventional guilty plea, if the probative value of the plea is “substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Id. at 478 (quoting Minn. R. Evid. 403). Here, the district court found that Liebsch’s Alford plea contained little if any probative value. Simultaneously, ■ the district court found that there was a significant risk that the jury would be confused and Liebsch would be prejudiced if evidence of the Alford plea was admitted. On this record, we cannot say that the district court abused its discretion by declining to admit Liebsch’s Alford plea under Rule 403.[6]
II.
Next, Doe argues that the district court should have admitted Liebsch’s answer to the complaint, in which he admitted to entering a guilty plea, to impeach Liebsch’s testimony that he has always denied sexually abusing Doe. A party generally may impeach a witness with a prior contradictory statement. O’Neill v. *883 Minneapolis St. Ry. Co., 218 Minn. 514, 520, 7 N.W.2d 665, 669 (1942); .see also Bowe v. Fredlund, 295 Minn. 103, 105, 203 N.W.2d 327, 329 (1972) (“Allegations in a pleading which are in the nature of admissions are admissible for impeachment purposes where they tend to contradict the testimony of a party”). These statements are admitted for impeachment purposes, notwithstanding their inadmissibility for other purposes, because “the-witness’ prior version shows that he spoke erroneously either when he gave the prior statement or when he testified.” O’Neill, 213 Minn. at 520, 7 N.W.2d at 669.
But impeachm'ént eyidehce, like substantive evidence, is subject to the requirements of Minn. R. Evid. 403. King v. All-Am., Inc., 309 N.W.2d 62, 63 (Minn.1981) (citing 11 Peter N. Thompson, Minnesota Practice-Evidence § 607.01, at 432 (1979)). As in other contexts, the district court has broad discretion when deciding whether to exclude impeachment evidence under Rule 403. See generally Peterson v. BASF Corp., 711 N.W.2d 470, 482 (Minn.2006) (stating that the district court has broad discretion when ruling on evidentiary matters). We must therefore determine whether evidence of Liebsch’s Alford plea has additional probative value, or would cause less prejudice, when admitted to impeach Liebsch’s testimony ■ such that the district court’s decision to exclude the evidence amounted to an abuse of discretion.
Liebsch testified that he has denied allegations of sexual abuse “any time anybody has asked [him].” During closing argument, Liebsch’s counsel stated that Doe presented no evidence “that called into question any of the things that are at issue in this case” or refuted Liebsch’s version of the relevant events. Doe argues that these statements contradict Liebsch’s admission that he entered a guilty plea, and therefore she should have been permitted to introduce the admission as impeachment evidence.
The district court noted that Liebsch’s admission’ in the answer, like Liebsch’s Alford plea, “[does] not constitute an admission of the underlying facts of this matter.” The court therefore concluded that the admission was consistent with Liebsch’s testimony, which “did still deny that he committed the acts.” Importantly, Liebsch never denied that "he entered an Alford plea. Consistent with his Alford plea, Leibsch only denied the facts establishing guilt. We therefore conclude that the district court acted within its discretion when ¡it did not allow Liebsch’s Alford plea to be admitted for impeachment purposes.[7]
Affirmed. '
HUDSON, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

. Because Liebsch had no prior convictions for criminal sexual conduct within the previous 7 years, he was convicted of a gross misdemeanor rather than a felony. See Minn. Stat. § 609.3451, subds. 2-3 (2014).

. Doe also argued that Liebsch’s Alford plea should prevent him from denying -the sexual abuse under the doctrine of collateral estop-pel. The district court concluded that collateral estoppel did not apply. Doe did not appeal that decision, and therefore we do not address it.

. The dissent takes particular issue with this point, arguing that we routinely- ask Minnesota juries to consider complex and difficult questions. Although the dissent is no doubt correct, deciding which facts or issues could confuse the jury — and whether that risk of confusion is necessary to the adjudication of the case — is a function that rests soundly within.the discretion of the trial court. In this case, we cannot say that the trial court abused its discretion when it concluded that evidence of Liebsch’s Alford plea would create a significant risk of jury confusion and prejudice while providing little probative valúe.

. A guilty plea is an out-of-court statement offered to prove the truth of the .matter assert'ed (i.e., it is hearsay). Prior to our adoption of the Minnesota Rules of Evidence, we- allowed evidence of a guilty plea as an “admission against interest.” Hoium, 294 Minn. at 251, 200 N.W.2d at 192. But see Minn. R. Evid. 804(b)(3) (providing that an out-of-court statement against interest is admissible only if the declarant is unavailable). Evidence of a ‘ guilty plea entered by a party opponent is now admissible under Minn. R. Evid. 801(d)(2)(A). '

. At oral argument, Doe’s counsel urged us to consider cases in which a defendant who entered an Alford plea was subject to the same consequences as though he had entered a conventional guilty plea. See State v. Soto, 855 N.W.2d 303 (Minn.2014); Northwest v. LaFleur, 583. N.W.2d 589 (Minn.App.1998), rev. denied (Minn. Nov. 17, 1998).' But these cases merely demonstrate that an Alford' plea carries the same consequences as a conventional guilty plea when calculating‘the defendant’s sentence or determining treatment requirements during imprisonment. They do not inform the decision of whether to admit evidence of an Alford plea under Minn. R. Evid. 403.
Amicus curiae National Center for Victims of Crime also cites three cases in which evidence of an Alford plea was admitted into evidence. See Blohm v. Comm’r, 994 F.2d 1542, 1554 (11th Cir.1993) (concluding that the defendant’s conviction for tax evasion based on an Alford plea collaterally estopped the defendant from denying tax liability); Harden v. State Farm Fire & Cas. Co., 269 Ga.App. 732, 605 S.E.2d 37, 38 (2004) (concluding that Alford plea created a rebuttable presumption that an insurance company had no duty to provide coverage or defend in a subsequent civil suit); People v. Miller, 91 N.Y.2d 372, 670 N.Y.S.2d 978, 694 N.E.2d 61, 64 (1998) (allowing impeachment of the defendant based on a previous conviction based on- an Alford plea). In- none of the cases did the court examine whether the probative value of the Alford plea was outweighed 'substantially by its danger of unfair prejudice and confusion of the issues. Further, none of the cases involved a private civil action based on the same course of conduct, so evidence of the Alford plea may have- been less prejudicial. The proffered cases are therefore unpersuasive.

. We leave for another day consideration of admission of Alford pleas under other circumstances.

. The same arguments that support’ a finding that Liebsch’s testimony did not contradict his Alford plea also support a finding that the statement Liebsch’s counsel made during closing argument did not contradict Liebsch’s Alford plea. Critically, neither the testimony nor the statement in closing ¡arguments denied that Liebsch entered an Alford plea. The statement in closing arguments was consistent with Liebsch’s Alford plea and thus the district court did abuse its discretion by denying Doe the opportunity to impeach Liebsch with evidence of his Alford plea.